## AFFIDAVIT OF LYNNESSA M. BEST

I, Lynnessa M. Best, upon personal knowledge, state the following:

1. I am over the age of 18, of sound mind, and have no interest, as a party or in any other manner in the estate or assets of either, Johanna Maria Margarete Fisher, Robert Kenneth Fisher, Michael Kwesi Fisher, or Johanna N. Fisher.

2. On April 7, 1993 at the residence of Johanna Maria Margarete Fisher and Robert Kenneth Fisher at 1818 Aberdeen Circle, Crofton, Maryland, 21114, I subscribed by my signature as witness to the execution of the following mutual and reciprocal documents:

   (a) A Last Will and Testament dated April 7, 1993 executed in my presence on April 7, 1993 by my neighbor and intimate friend Johanna Maria Margarete Fisher.

   (b) A Last Will and Testament executed dated April 7, 1993 executed in my presence on April 7, 1993 by my neighbor and intimate friend Robert Kenneth Fisher.

   (c) A General Durable Power of Attorney dated April 7, 1993 executed in my presence on April 7, 1993 by my neighbor and intimate friend Johanna Maria Margarete Fisher.

   (d) A General Durable Power of Attorney dated April 7, 1993 executed in my presence on April 7, 1993 by my neighbor and intimate friend Robert Kenneth Fisher.

   (e) A General Durable Power of Attorney for Health Care dated April 7, 1993 executed in my presence on April 7, 1993 by my neighbor and intimate friend Johanna Maria Margarete Fisher.


Initial

(f)     A General Durable Power of Attorney for Health Care dated April 7, 1993 executed in my presence on April 7, 1993 by my neighbor and intimate friend Robert Kenneth Fisher.

3. Expressly stating in my presence that they intended the agreement as outlined in paragraph 6 below to be the basis for the execution of each respective mutual and reciprocal Last Will and Testament, Johanna Maria Margarete Fisher and Robert Kenneth Fisher each then executed their respective mutual and reciprocal Last Will and Testament dated April 7, 1993 in my presence and in the presence of their attorney, neighbor, and further subscribing witness John J. Klocko III, Esq.

4. I was present on April 7, 1993 and on previous days during the discussion of the terms of the agreement between Johanna Maria Margarete Fisher and Robert Kenneth Fisher outlined in paragraph 6 below which led to the execution to the documents cited in paragraph 2 above. During these discussions the following emerged in my presence.

5. Johanna Maria Margarete Fisher and Robert Kenneth Fisher being in knowledge of Johanna Maria Margarete Fisher's imminent death due to terminal breast cancer determined to order their affairs and to ensure that ownership of their entire common assets and their entire respective separate assets after their deaths be vested in their descendants.

6. Johanna Maria Margarete Fisher being a German citizen and subject to German probate law agreed, as to her assets located in the United States of America, to forgo the application of German probate law in favor of Maryland probate law and further agreed that she would execute a Last Will and Testament in favor of her husband,


Initial

Robert Kenneth Fisher as primary beneficiary rather than a last will and testament in favor of both her husband and her son, Michael Kwesi Fisher, as common primary beneficiaries and that this Last Will and Testament in favor of her husband, Robert Kenneth Fisher as primary beneficiary would be mutual and reciprocal to a Last Will and Testament to be executed by her husband Robert Kenneth Fisher all under the condition that Robert Kenneth Fisher would agree to:

(a)   at no time and under no circumstance revoke his mutual and reciprocal Last Will and Testament, either by a last will and testament or by a trust or any other kind of instrument and that he would leave his entire estate to their son, Michael Kwesi Fisher;

(b)   that Robert Kenneth Fisher would not convey of any of his assets, be they real, personal, insurance, or otherwise, whether by a trust instrument, sale or any other means of conveyance to any third party during his lifetime without previously consulting with and obtaining the agreement of his son, Michael Kwesi Fisher.

7.   Robert Kenneth Fisher, in my presence agreed to the terms in paragraph 6 above. That is, in my presence, he entered into an agreement with Johanna Maria Margarete Fisher that he would at no time and under no circumstance revoke his mutual and reciprocal Last Will and Testament, either by a last will and testament or by a trust or other instrument of any kind, and that he would leave his entire estate to their son, Michael Kwesi Fisher, and Robert Kenneth Fisher further expressly agreed that he would not convey of any of his assets, whether by a trust instrument, sale or any other means of conveyance to any third party during his lifetime without previously consulting with and obtaining the agreement of his son, Michael Kwesi Fisher.


Initial

8. Johanna Maria Margarete Fisher, in my presence agreed to the terms in paragraph 6 above. That is, in my presence, she entered into an agreement with Robert Kenneth Fisher that she would forgo the application of German probate law in favor of Maryland probate law and execute a Last Will and Testament in favor of her husband, Robert Kenneth Fisher as primary beneficiary rather than a last will and testament in favor of both her husband and her son, Michael Kwesi Fisher, as primary beneficiaries and that this Last Will and Testament in favor of her husband, Robert Kenneth Fisher as primary beneficiary would to be mutual and reciprocal to a Last Will and Testament to be executed by her husband Robert Kenneth Fisher under the condition that her husband, Robert Kenneth Fisher would at no time and under no circumstance revoke his mutual and reciprocal Last Will and Testament, either by a last will and testament or by a trust of any kind, and that he would leave his entire estate to their son, Michael Kwesi Fisher and that Robert Kenneth Fisher would not convey to any third party any of his assets be they real, personal, insurance, or otherwise, whether by a trust instrument, sale or any other means of conveyance during his lifetime without previously consulting with and obtaining the agreement of his son, Michael Kwesi Fisher.

9. Robert Kenneth Fisher, in my presence agreed to accept and did accept as valuable consideration and benefit for entering into this agreement with his wife, Johanna Maria Margarete Fisher, the execution by Johanna Maria Margarete Fisher of her Last Will and Testament dated April 7, 1993 and all of the benefits accrued to Robert Kenneth Fisher by the execution by Johanna Maria Margarete Fisher of her mutual and reciprocal Last Will and Testament dated April 7, 1993.

Initial 

10. Johanna Maria Margarete Fisher, in my presence agreed to accept and did accept as valuable consideration and benefit for entering into this agreement with her husband, Robert Kenneth Fisher, the execution by Robert Kenneth Fisher of his Last Will and Testament and all the benefits accrued to her by the execution by Robert Kenneth Fisher of his mutual and reciprocal Last Will and Testament dated April 7, 1993.

11. In order to further effectuate the practical application of their agreement Johanna Maria Margarete Fisher and Robert Kenneth Fisher in addition executed the documents cited in paragraph 2 (c) through (f) above.

*I do solemnly swear and affirm*, under the penalty of perjury, that the contents of the foregoing Affidavit are true and correct upon my personal knowledge and I herewith affirm that I am competent to testify to the matters stated therein.

_____
Lynnessa M. Best
62 Landing Road
Hattiesburg, Mississippi 39401

STATE OF MISSISSIPPI

COUNTY OF Lamar

Personally appeared before me, the undersigned Notary Public in and for the said county and state, on this 25th day of February 2011, within my jurisdiction, the within named Lynnessa M. Best, known to me (or satisfactorily proven to be) the person whose name is subscribed to the foregoing Affidavit, and who acknowledged that she freely and voluntarily executed the above and foregoing Affidavit.

_____
NOTARY PUBLIC

My commission expires: _____

Official Seal:

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID 73929, HOLLIE M HESSION, Commission Expires May 23, 2012, FORREST COUNTY]

Initial

5 of 5