## *PRENUPTIAL AGREEMENT*

THIS AGREEMENT, made this 28th day of **April, 1997** by and between **ROBERT K. FISHER**, hereinafter referred to as "**HUSBAND**" and **DORIS R. SMITH**, hereinafter referred to as "**WIFE**."

WHEREAS, a marriage is contemplated between the parties hereto in the immediate future; and

WHEREAS, the said parties are severally possessed of property in their own rights, respectively; and

WHEREAS, by Schedule A, a copy of which is attached hereto and incorporated herein as a part hereof, **HUSBAND** has fully and completely disclosed to **WIFE** the nature and extent of his various property and interests and sources of income; and

WHEREAS, by Schedule B, a copy of which is attached hereto and incorporated herein as a part hereof, **WIFE** has fully and completely disclosed to **HUSBAND** the nature and extent of her various property and interests and sources of income; and

WHEREAS, the parties have agreed that each is economically independent of the other; and

WHEREAS, the parties hereto enter into this Agreement with the desire to define the interest which each of them shall have in the property of the other during and after marriage, and in the estate of the other after the death of one of them; and

WHEREAS, both parties have been afforded the opportunity to retain, advise and consult with independent counsel of their own choice;

WHEREAS, **HUSBAND** was desirous of entering into a premarital agreement so that he might be free to arrange his estate as he desired and also wished to avoid the difficulties encountered in resolving property and support issues in the event of a dissolution of marriage, and

WHEREAS, the attorney employed by **HUSBAND** has explained to **WIFE** her

(a) rights in the property currently owned by each of them;

(b) rights in any property acquired by either or both parties after the date of their marriage;

(c) rights to claim interests in property of **HUSBAND** and to claim interests in property acquired

Page 1 of 6

by them after their marriage under [the laws of the State of Maryland];

(d) rights to seek alimony under the laws of the State of Maryland;

(e) rights to support as surviving spouse during the probate of ROBERT K. FISHER's estate, pursuant to the laws of the State of Maryland

(f) rights of inheritance in the event ROBERT K. FISHER leaves no will under the laws of the State of Maryland;

(g) rights to elect to take a certain share of the estate of ROBERT K. FISHER in the event ROBERT K. FISHER leaves a will making unacceptable provisions for him, under the laws of the State of Maryland;

(h) and the consequences of her waivers, releases and surrenders of such rights under the Agreement, including the consequences they have as a disclaimer of her interests in ROBERT K. FISHER's estate under the laws of the State of Maryland.

**NOW, THEREFORE**, in consideration of the contemplated marriage about to be solemnized, and the mutual covenants and promises herein contained, the parties do hereby agree as follows:

1. **HUSBAND** hereby waives, releases and relinquishes all rights, title, estate and interest, statutory or otherwise, including but not limited to dower, widower's allowance, statutory allowance, distribution in intestacy and right of election to take against the Will of **WIFE**, as well as the right to act as personal representative of her estate, which he might acquire under the present or future law of any jurisdiction as the husband, widower, heir-at-law, next-of-kin or distributee of **WIFE** in her property, owned by her at the time of the marriage or acquired by her at any time thereafter and in her estate upon her death.

2. **WIFE** hereby waives, releases and relinquishes all right, title, estate and interest, statutory or otherwise, including, but not limited to curtesy, statutory allowances, distribution in intestacy and right of election to take against the Will of **HUSBAND**, as well as the right to act as personal representative of his estate, which she might acquire under the present or future law of any jurisdiction as the wife, widow, heir-at-law, next-of-kin, or distributee of **HUSBAND** in his property, owned by him at the time of the marriage or acquired by him at any time thereafter and in his estate upon his death.

3. After their marriage, each party shall keep and retain sole ownership and control of all property, real or personal, now owned or hereafter acquired by such party. Each party shall, upon the request of the other, execute, acknowledge, and deliver any and all instruments necessary or appropriate to carry into effect the intention of the parties here expressed. In order to effectuate this intention, each of the parties hereby authorizes the other to act as his or her attorney-in-fact to

join in the making, execution, acknowledgment and delivery of any deed, conveyance or assignment of any real or personal property of such other in order that thereby the joiner, if necessary, may be made freely and without restraint; provided, however, that such deed or other conveyance does not cause him or her to become subject to any personal liability.

4. Notwithstanding the provisions of this Agreement, either party shall have the right to transfer or convey to the other any property or interest therein which may be lawfully conveyed or transferred during his or her lifetime or by Will, and neither party intends by this Agreement to limit or restrict in any way the right and power to receive any such transfer or conveyance from the other. However, the parties acknowledge that no representations or promises of any kind whatsoever have been made to either of them or to the other with respect to any such transfer or conveyance.

5. Any assets obtained by either party as a consequence of the use, investment, reinvestment or any transfer of any portion of their separate estate, and any income therefrom, and any appreciation in the value thereof, shall remain part of such separate estate.

6. It is expressly recognized that **HUSBAND** is the sole owner of the residence occupied by the parties, and the use of any joint funds, or of any separate funds contributed by **WIFE**, for the repair or maintenance of the residence for the joint benefit and continued use of the parties shall not create any interest in the property in **WIFE**.

7. (A) Notwithstanding the provisions of this Agreement that allow the parties to maintain their separate income and assets, the parties recognize that it is possible, through accident or intent, for their income or assets to become, or appear to be, commingled. It is the parties' intention that such commingling or pooling of assets not be interpreted to imply any abandonment of the terms and provisions of the Agreement and that the provisions contained herein addressing the parties' interests in jointly-held property be applied and that in other instances each party be determined to be the owner of the proportion of the total fund or value of the assets in question which reflects the proportionate amount deposited or invested by each party.

(B) Nor shall the fact that the parties may file joint state or federal income tax returns or make gifts of property or cash to each other or not account to each other with regard to the expenditure of the income be interpreted to imply any abandonment of the terms and provisions of this Agreement.

(C) Nor shall the filing of a marital dissolution action by either party be deemed an abandonment of the Agreement.

8. Any assets acquired by **HUSBAND** and **WIFE** during their marriage in their joint names are presumed to be joint property, specifically including all furniture and other household furnishings, and shall be divided according to their respective contributions in the event of a termination of their marriage by a decree of divorce or annulment. (Such joint ownership may also

be determined by a written agreement or from the manner in which such property is acquired.) However, as each is presumed by this agreement to be the sole owner of any property he or she owned prior to the marriage, joint use of such property does not give rise to joint ownership, unless the parties agree otherwise. Furthermore, each is presumed to be the sole owner of all clothing, jewelry and other similar personal belongings intended for his or her personal use.

9. Each party covenants and represents to the other that he or she has disclosed to the other the nature and extent of his or her various property, interests and sources of income, and that Schedules A and B, which are attached hereto and incorporated herein as a part hereof, fully and fairly reflect the said property, interests and sources of income of each party, respectively.

10. **HUSBAND** declares that he fully understands the terms and provisions of this Agreement, that he has been fully informed of his legal rights and liabilities, that he believes that the provisions of the Agreement are fair, just and reasonable and that he signs this Agreement freely and voluntarily, acting under the advice of his legal counsel, John J. Klocko, III.

11. **WIFE** declares that she fully understands the terms and provisions of this Agreement, that she has been fully informed of her legal rights and liabilities, that she believes that the provisions of the Agreement of fair, just and reasonable and that she signs the Agreement freely and voluntarily having been advised to seek the advice of independent legal counsel.

12. This Agreement is made in the State of Maryland and shall be construed in accordance with the laws of the State.

13. Should any provision of the Agreement be found, held, or deemed to be unenforceable, voidable or void, as contrary to law or public policy under the laws of Maryland or any other State of the United States, the parties intend that the remaining provisions of the Agreement shall nevertheless continue in full force and be binding upon the parties, their heirs, personal representatives, executors, and assigns.

14. This Agreement contains the entire understanding of the parties. There are no representations, warranties, promises, covenants or undertakings, oral or otherwise, other than those expressly set forth herein.

15. The parties for themselves and their respective heirs, personal representatives and assigns, do mutually agree to join in or execute any instruments and to do any other act or thing that may be necessary or proper to carry out any part of this Agreement, or to release any rights in any property which either of said parties may now own or hereafter acquire, including the execution and delivery of such deeds and assurances as my be necessary to carry out the purpose of this Agreement.

16. This Agreement shall become effective only upon the marriage of the parties, and shall inure to the benefit of, and shall be binding upon, the parties hereto, their heirs, executors,

administrators and assigns.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals, on the day and year first above written.

WITNESS:

_____  _____(SEAL)
                                                     ROBERT K. FISHER

_____  _____(SEAL)
                                                     DORIS R. SMITH

STATE OF MARYLAND:

COUNTY OF ANNE ARUNDEL:    TO WIT:

I HEREBY CERTIFY, that on this _28th_ day of April, 1997, before me, the subscriber, a Notary Public of the State of Maryland, in and for the County of Anne Arundel aforesaid, personally appeared ROBERT K. FISHER, and he acknowledged the within Agreement to be his act, and that he has full understanding thereof.

AS WITNESS my hand and Notarial Seal.

_____
NOTARY PUBLIC
My Commission Expires:
JOHN J. KLOCKO, III
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires July 1 1997

STATE OF MARYLAND:

COUNTY OF ANNE ARUNDEL:    TO WIT:

I HEREBY CERTIFY, that on this _28th_ day of April, 1997, before me, the subscriber, a Notary Public of the State of Maryland, in and for the County of Anne Arundel aforesaid, personally appeared DORIS R. SMITH, and she has acknowledged the within Agreement to be her act, and that she has full understanding thereof.

AS WITNESS my hand and Notarial Seal.

_____
NOTARY PUBLIC
My Commission Expires:

JOHN J. KLOCKO, III
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires July 1 1997

## SCHEDULES OF NON-MARITAL PROPERTY

### SCHEDULE A: (ROBERT K. FISHER)

1) Real Property -
   a. 1818 Aberdeen Circle, Crofton, MD 21114
   b. 1712 Aberdeen Circle, Crofton, MD 21114
   c. 62 acre parcel, Northern Virginia.

2) Federal Employees "Thrift Plan" benefits.

3) Personal Property - 1818 Aberdeen Circle, Crofton, MD 21114

4) Investment Accounts-
   a. Stock Equity Investments
   b. Treasury Bills/Bonds.
   c. Cash Accounts, Certificates of Deposit, Money Market Accounts, Checking.

5) Pension Benefits -
   a. RCA
   b. Survivors Benefits from the State of Maryland for Johanna Fisher.
   c. Survivors Benefits from the Government of Germany for Johanna Fisher.

6) Life Insurance Benefits

ACCEPTED AND APPROVED: *Robert K. Fisher*


### SCHEDULE B: (DORIS R. SMITH)

1) Real Property- Edgewater, MD

ACCEPTED AND APPROVED: *Doris R. Smith*