**EXHIBIT 14**
**Page 1 of 53**

TRUST DECLARATION

Covering

ROBERT K. FISHER

TABLE OF CONTENTS

ARTICLE I

During Grantor's Lifetime

ROBERT K. FISHER REVOCABLE TRUST

Section

1.01    Custody, Control and Investment of Trust Estate--In General
1.02    Disbursement of Net Income
1.03    Specific Rights Reserved to Grantor
1.04    Life Insurance Policies

ARTICLE II

Upon Death of Grantor

2.01    Collection and Distribution of Assets
2.02    Creation of Share for Grantor's Spouse and Trust for Grantor's Family
2.03    Thirty-day Time Clause
2.04    Assets of the DORIS R. FISHER SHARE
2.05    Assets of the ROBERT K. FISHER FAMILY TRUST
2.06    Payment of Debts of Grantor and Expenses, etc.
2.07    Payment of Taxes

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

EXHIBIT

2

ARTICLE III

ROBERT K. FISHER FAMILY TRUST

Section

3.01      Custody, Control and Investment of Assets
3.02      Payment of Net Income
3.03      Disbursement of Principal
3.04      Upon Death of Grantor's Spouse

ARTICLE IV

Methods of Making Payment to Beneficiaries;

Spendthrift Clause

4.01      Methods of Making Payment
4.02      Beneficiaries Without Right to Alienate
4.03      Attempt to Alienate or Seize
4.04      Disclaimers

ARTICLE V

Mandatory Termination of Trust

5.01      Time at Which Trust Must Terminate
5.02      Distribution on Mandatory Termination

ARTICLE VI

Powers, Duties and Discretions of Trustee

6.01      General Broad Powers
6.02      Specific Powers by Way of Examples
6.03      Compensation of Trustee
6.04      Bond of Trustee
6.05      Removal and Resignation of Trustee
6.06      Selection of Successor Trustees

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

**EXHIBIT 14**
**Page 3 of 53**

ARTICLE VII

Effect of, and Law Governing, This Trust

Section

7.01    On Trustee
7.02    On Successors to Grantor and Trustee
7.03    Adopted Child and Child in Gestation
7.04    Law Governing and Situs
7.05    Common Fund

        Conclusion
        Signatures
        Schedule "A"
        Schedule "B"
        Schedule "C"

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

<u>TRUST DECLARATION</u>

<u>Covering</u>

<u>ROBERT K. FISHER</u>

(<u>a.k.a. ROBERT KENNETH FISHER</u>)


THIS DECLARATION, effective for all purposes as of the date on which the Grantor and the Trustee signed the same, made and entered into by and between

<u>ROBERT K. FISHER</u>

of Anne Arundel County, Maryland, hereinafter referred to as "Grantor," and

<u>ROBERT K. FISHER</u>

of Anne Arundel County, Maryland, hereinafter referred to as "Trustee," which term shall also include any successor to such Trustee appointed as provided in <u>Section 6.06</u> of this Trust Declaration.

<u>W I T N E S S E T H:</u>

WHEREAS, Grantor is the owner of certain property described in Schedule "A" attached at the end of this Trust Declaration, and desires to create a trust of such property (and of such other property as Grantor may from time to time deposit with the Trustee) for the more orderly management of Grantor's affairs during his lifetime and for the benefit of others thereafter; and,

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

**EXHIBIT 14**
**Page 5 of 53**

WHEREAS, the Trustee is willing to accept such a trust and to undertake the duties, liabilities and discretions arising in connection with the placing in trust of such property;

NOW, THEREFORE, in consideration of the premises and of the mutual covenants herein contained, Grantor does hereby transfer, convey and deliver to the Trustee, and the Trustee does, by the execution of this Trust Declaration, acknowledge receipt and accept the transfer and conveyance from Grantor of the property fully described in Schedule "A" attached hereto, which property, together with any other property which may hereafter be transferred, conveyed, delivered, devised or bequeathed to the Trustee by the Grantor or others (all of which property is sometimes herein referred to as the "trust estate"), shall be held by the Trustee,

IN TRUST NEVERTHELESS,

for the following persons, purposes and uses, and subject to the terms, conditions, powers, duties and discretions hereinafter set forth; namely:

ARTICLE I

During Grantor's Lifetime

ROBERT K. FISHER REVOCABLE TRUST

Section 1.01 - Custody, Control and Investment of Trust Estate -- In General

The Trustee shall hold, manage, control, invest and reinvest the trust estate, which shall be known as the ROBERT K. FISHER

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

**EXHIBIT 14**
**Page 6 of 53**

REVOCABLE TRUST or the ROBERT K. FISHER LIVING TRUST, under all of the powers, duties and discretions hereinafter, and more particularly in ARTICLE VI hereof, set forth; shall collect the gross income and other increments resulting from the trust estate, and shall pay any and all property charges and expenses incident to the operation of this trust.

## Section 1.02 - Disbursement of Net Income

After making all proper deductions from gross income for commissions, fees, repairs, improvements, taxes, insurance and any and all other expenses properly incurred in the administration of this trust, the Trustee shall pay over the net income to Grantor or accumulate or pay it as the Trustee may be directed by Grantor at any time and from time to time, which directions may be of general and continuous or of specific application.

## Section 1.03 - Specific Rights Reserved to Grantor

(a)  **Right to Amend** -- Grantor reserves the right at any time and from time to time to alter, modify, change and amend this Declaration, in whole or in part, by a written direction to the Trustee signed by Grantor and delivered to the Trustee, which direction shall state the effective date thereof, which shall not be a retroactive date.

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

**EXHIBIT 14**
**Page 7 of 53**

(b)   <u>Right to Terminate</u> -- Grantor reserves the right to terminate this Declaration and the trusts herein created, in whole or in part, by like direction to the Trustee as provided in paragraph (a) just above; provided, however, that the Trustee shall have thirty days after the effective date stated in such direction to take the necessary steps and procedures to follow Grantor's instructions.

(c)   <u>Right to Withdraw Principal</u> -- Grantor reserves the right to withdraw any part or all of the principal of the trust estate by like direction to the Trustee as provided in paragraph (a) just above; and on or before the expiration of thirty days from the effective date of such direction, the Trustee shall set over, assign, transfer, convey and deliver to the Grantor, or to such person or persons as Grantor may have designated in the direction, such part of the trust estate as is set forth in the direction.

(d)   <u>Right to Add to Trust Estate</u> -- Grantor also reserves the right, as provided for above, at any time and from time to time, to transfer, convey, deliver, devise and bequeath to the Trustee, to be held under the terms of this Declaration, such additional property as Grantor may desire.   Any such additional property shall be held on the same terms, trusts and conditions as are herein set forth as to the original trust estate.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

OBERT K FISHER

**EXHIBIT 14**
**Page 8 of 53**

(e) <u>Delivering of Directions to Trustee</u> -- The delivery by Grantor to the Trustee of any directions, as hereinabove and as may hereinafter be provided for, may be, if Grantor is serving as Trustee, by placing a notation in the trust files, or if Grantor is not serving as Trustee, in person or by mail.

(f) <u>Restrictions on Grantor's Reserved Rights</u> -- Despite the foregoing provisions, no alteration, modification, change or amendment of this Declaration which shall increase or change the duties, liabilities or responsibilities of the Trustee shall become effective until consented to in writing by the Trustee; and no termination of this Declaration and of the trusts herein created and no withdrawal of corpus shall be to the prejudice of any necessary expenses which may be due to the Trustee, up to such event, which shall be paid to the Trustee on demand or retained by the Trustee out of corpus or income, or both, as the Trustee may elect.

<u>Section 1.04 - Life Insurance Policies</u>

As to any life insurance policy which may be a part of the trust estate, Grantor reserves the right to sell, assign or hypothecate the policies or any of them; to exercise any and all options available under the policies; to change the beneficiaries of such policies or any of them; and to receive any sums which may be paid under any such policy. The Trustee

- 5 -

shall cooperate with Grantor to assist in the exercise of the rights herein reserved.  When so directed by Grantor, the Trustee shall pay the premiums on any such policies from assets held by the Trustee, or delivered to the Trustee for that purpose, in accordance with Grantor's instructions.

As to any life insurance policy on the Grantor's spouse's life which may be part of the trust estate, all incidents of ownership within the meaning of Section 2042 of the Internal Revenue Code of 1986, as amended, or the corresponding provisions of any federal tax law (hereinafter referred to as "the Code") and including, but not limited to, the right to sell, assign or hypothecate any of the policies, to exercise any and all options available under the policies, shall vest in and be exercisable exclusively by such person or entity acting as Trustee hereunder other than the Grantor's spouse and in no event shall the Grantor's spouse, either as beneficiary or otherwise in the spouse's individual capacity or while acting in the capacity of a Trustee hereunder possess any of such incidents of ownership in the aforesaid life insurance policies.  This provision shall be binding upon the parties hereto and their successors and assigns both during the Grantor's life and after Grantor's death.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

- 6 -

ARTICLE II

Upon Death of Grantor

Section 2.01 - Collection and Distribution of Assets

(a)   Upon the Grantor's death, the Trustee shall collect all sums payable to the Trustee under this Declaration by reason of Grantor's death, but shall not be required to institute any legal proceedings until indemnified to the Trustee's satisfaction.

(b)   Upon the Grantor's death, the Trustee shall distribute all of Grantor's tangible personal property to Grantor's spouse, DORIS R. FISHER.  This shall not include property which is owned by Grantor's spouse alone or by her and Grantor jointly at the time of Grantor's death.  If Grantor's spouse predeceased him, then Grantor's tangible personal property shall be distributed to the Trustee to dispose of as he deems proper.  Tangible personal property includes but is not limited to furniture, furnishings, china, silverware, jewelry, ornaments, works of art, books, pictures and other household effects, wearing apparel and other articles of personal use, and vehicles.  Grantor has one child from a previous marriage living at the time of execution of this Trust Declaration: MICHAEL K. FISHER.  Grantor's wife has two children from a previous marriage living at the time of execution of this Trust Declaration: KIRSTIN SMITH and KASSIA SMITH.

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

- 7 -

**EXHIBIT 14**
**Page 11 of 53**

(c)   Upon Grantor's death, the Trustee shall distribute $1,000 in cash to Grantor's son, MICHAEL K. FISHER.   In addition, Grantor leaves his son with the knowledge that he was given every opportunity and advantage to achieve, and succeed at, whatever honorable profession or vocation he chooses and that Grantor wishes him the best.

(d)   Upon Grantor's death, the Trustee shall allocate an amount of cash or value of property as provided in the next sentence to the trust provided for Grantor's granddaughter, JOHANNA N. FISHER, in <u>Section 3.02(b)(1)</u> of this Trust Declaration.   The amount of cash or value of property shall equal the amount which, when added to the value at the time of Grantor's death, was allocated to the minimum required distribution trust for JOHANNA N. FISHER as provided for in <u>Section 3.02(d)</u> of this Trust Declaration, will bring the total allocated for her benefit to $100,000.

(e)   If any organization or person files any pleading or paper with a court or administrative tribunal or representative to question or challenge any provision of this Trust Declaration or of Grantor's Will, then neither that organization or person nor that person's children or other issue shall receive any benefits under this Trust Declaration or under Grantor's Will. Any benefit provided under this Trust Declaration for that

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 5207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K FISHER

**EXHIBIT 14**
**Page 12 of 53**

organization or person or that person's children or other issue

shall be null and void, and all provisions of this Trust

Declaration shall be construed as if that organization were not

in existence at the time of Grantor's death, and as if that

person and his or her children and other issue predeceased

Grantor.

Furthermore, that organization or person shall bear all costs

and expenses incurred by the Trustee under this Trust

Declaration as a result of the contest or challenge, including

but not limited to court costs and reasonable fees of

attorneys, accountants, and other professionals.

In addition, Grantor hereby authorizes the Trustee to file a

lawsuit for abuse of process, or for any other appropriate

cause of action or ground, against the organization or person

who contests or challenges Grantor's Will or this Trust

Declaration, as well as against any person who counsels,

encourages, aids, abets, or procures the contest or challenge.

Section 2.02 - Creation of Share for Grantor's Spouse and Trust

for Grantor's Family

Upon the death of Grantor, and in the event Grantor's wife,

DORIS R. FISHER, does not predecease him, the Trustee shall

establish two separate shares out of the remaining principal of

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

**EXHIBIT 14**
**Page 13 of 53**

the trust estate and out of any accrued, accumulated and unpaid net income thereon, including all property received by the Trustee under the provisions of <u>Section 2.01</u>.  The first such share shall be known as the "DORIS R. FISHER SHARE", to be distributed as hereinafter provided with assets as set forth in <u>Section 2.04</u> hereof.  The second such share shall be known as the "ROBERT K. FISHER FAMILY TRUST", to be held, administered and used as in ARTICLE III and is hereinafter set forth with assets as set forth in <u>Section 2.05</u> hereof.

Upon the setting up of the share and trust as set forth in this ARTICLE, the ROBERT K. FISHER REVOCABLE TRUST created under ARTICLE I of this Declaration shall terminate.

<u>Section 2.03 - Thirty-day Time Clause</u>

If any beneficiary under this Trust Declaration is not living thirty full days after Grantor's death or after the death of another person whose benefit is conditioned on his or her being living, then for the purposes of the allocations of property to be made under this Trust Declaration it shall be presumed that that person predeceased Grantor or the other person.  Any benefit provided for someone who actually or by reason of this presumption predeceased Grantor or another person shall lapse and be of no effect.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K FISHER

- 10 -

**EXHIBIT 14**
**Page 14 of 53**

Section 2.04 - Assets of the DORIS R. FISHER SHARE

Should the provisions of Section 2.02 call for the

establishment of the DORIS R. FISHER SHARE, the Trustee shall,

as soon as possible after Grantor's death, transfer to DORIS R.

FISHER a sum equal to the amount by which the value of the

property disposed of by this Trust Declaration exceeds the

aggregate of (1) the value of the property disposed of by any

prior Sections of this Trust Declaration, (2) a sum equal to

the largest amount, if any, which can be transferred free of

all state or District of Columbia estate taxes or, if after

consulting with tax counsel Grantor's wife elects in writing,

free of the federal estate tax (even though the amount is

subject to state or District of Columbia estate taxes) under

this Trust Declaration by reason of the exemption available

(known as the applicable credit amount or unified credit

amount) and the state or District of Columbia death tax credit

(provided that the use of this credit does not require an

increase of the state death taxes paid) and any tax referred to

in Section 2001(b)(2) of the Code, but no other credit, and

after taking account of dispositions under other Sections of

this Trust Declaration, property passing outside of this Trust

Declaration, and all charges to principal which are not

deducted in computing Grantor's federal estate tax, and (3) all

estate, inheritance, succession and other death taxes which are

payable by reason of Grantor's death, whether because of

- 11 -

LAW OFFICES OF LEE F HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

**EXHIBIT 14**
**Page 15 of 53**

property transferred by this Trust Declaration or because of any other property (exclusive of any tax imposed as a result of Section 2044 or Chapter 13 of the Code).

For the purpose of establishing the sum disposed of by this Section, the values finally fixed in the federal estate tax proceeding shall be used. Grantor recognizes that it is possible that there might be no sum disposed of by this Section. Any sum disposed of by this Section may be affected by the action of Grantor's Personal Representative in exercising certain tax elections. No assets shall be transferred into the share under this <u>Section 2.04</u> which do not qualify for the marital deduction.

In computing the maximum allowable marital deduction for purposes of the preceding sentence, all transfers as to which Grantor is the deemed transferor for purposes of any tax on generation-skipping transfers shall be disregarded.

The Trustee shall as promptly as possible after Grantor's death determine by estimates and projections the amount to be transferred into this share, and shall, either by actual division of the trust estate or by bookkeeping entries, transfer assets into this share on the basis of such estimations and projections. As more definitive information to

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

**EXHIBIT 14**
**Page 16 of 53**

be used in ascertaining the federal estate tax payable on Grantor's death is available, the Trustee shall from time to time make such adjustments in the amount of assets in this share as are necessary, and when the amount of such federal estate tax is finally ascertained, the Trustee shall make a final adjustment.

This <u>Section 2.04</u> is intended to provide for DORIS R. FISHER the minimum amount of the unlimited marital deduction that will result in the least possible federal estate tax being paid.

<u>Section 2.05 - Assets of the ROBERT K. FISHER FAMILY TRUST</u>
The Trustee shall transfer to the ROBERT K. FISHER FAMILY TRUST all assets of the trust estate not transferred to the DORIS R. FISHER SHARE, or if DORIS R. FISHER predeceased Grantor, then all the assets of the trust estate.

<u>Section 2.06 - Payment of Debts of Grantor and Expenses, etc.</u>
The Trustee may assist in the payment of any part or all of Grantor's just debts and all or any part of the expenses incident to Grantor's last illness, funeral and burial not otherwise paid and discharged, in such amount as in the Trustee's sole discretion may be deemed in the best interests of the trust estate and the beneficiaries thereof.  The Trustee may also directly pay and discharge all or any part of such

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

- 13 -

**EXHIBIT 14**
**Page 17 of 53**

debts and expenses under the same discretions and conditions.
Any assistance in paying, or making direct payments of
Grantor's debts or expenses by the Trustee under this Section
2.06, shall, however, only be made out of the principal or
income, or both, of the ROBERT K. FISHER FAMILY TRUST and may
not be made out of income or principal of the DORIS R. FISHER
SHARE.  Furthermore, the Trustee shall not use qualified
retirement plan benefits or federal estate tax-exempt life
insurance proceeds to satisfy any obligations under this
paragraph.

Section 2.07 - Payment of Taxes

The Trustee may assist in the payment of any part or all of any
inheritance, estate, succession and transfer taxes which may be
imposed by reason of any property includible by law in the
returns of property of Grantor subject to death taxes, whether
the same is or is not held by this trust, which are not
otherwise paid and discharged, in such amount or amounts as in
the Trustee's sole discretion may be deemed to be in the best
interests of the trust estate and the beneficiaries thereof.
The Trustee may also directly pay and discharge all or any part
of such taxes under the same discretions and conditions.
Any assistance in paying or making direct payments of such
taxes by the Trustee under this Section 2.07, shall, however,
only be made out of the principal or income, or both, of the

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

**EXHIBIT 14**
**Page 18 of 53**

ROBERT K. FISHER FAMILY TRUST and may not be made out of income or principal of the DORIS R. FISHER SHARE.  Furthermore, the Trustee shall not use qualified retirement plan benefits or federal estate tax-exempt life insurance proceeds to satisfy any obligations under this paragraph.

Grantor authorizes the Trustee, without court approval, to allocate any portion of Grantor's generation skipping tax exemption (hereinafter "GST Exemption") under Section 2631(a) of the Code or any similar exemption, exclusion, or other benefit allowable under the law in force at the time of Grantor's death, to any property as to which Grantor is the transferor within the meaning of Section 2652(a) of the Code, including any property transferred during Grantor's lifetime, to elect out of any deemed allocation, or revoke any prior election out.

Grantor anticipates that the Trustee may hold property as one or more separate trusts or divide trusts hereunder for both tax and administrative reasons.  For example, if Grantor's Trustee decides to allocate some or all of Grantor's GST Exemption to any trust created hereunder, the Trustee may determine it to be desirable to create separate trusts in order that no trust hereunder has an inclusion ratio (as defined in Section 2642(a)(1) of the Code) other than zero or one.

- 15 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

Grantor exonerates the Trustee from any liability arising from any exercise or failure to exercise these powers, provided the actions (or inactions) of the Trustee are taken in good faith.


## ARTICLE III

### ROBERT K. FISHER FAMILY TRUST

### Section 3.01 - Custody, Control and Investment of Assets

The Trustee shall hold the assets comprising the ROBERT K. FISHER FAMILY TRUST, and administer the same in a separate trust, with the rights, powers, duties, authorities and discretions hereinafter in this ARTICLE and in subsequent ARTICLES hereof more particularly set forth; the Trustee shall invest the assets comprising the ROBERT K. FISHER FAMILY TRUST to the end that the same shall be income-producing, with reasonable expectation of growth; the Trustee shall collect and receive the income and other increments arising therefrom, and after deducting all necessary costs, expenses and charges properly chargeable or allocable thereto, the Trustee shall pay over the net income arising therefrom and pay over and distribute the principal thereof as follows:


### Section 3.02 - Payment of Net Income

During Grantor's wife's lifetime, the Trustee shall pay to Grantor's wife all of the net income of this Trust.

- 16 -

Section 3.03 - Disbursement of Principal

(a)   During Grantor's wife's lifetime, she shall have the right in any calendar year to withdraw from the trust principal up to the larger of $5,000 in cash or property, or five percent of the aggregate value of the principal of this trust determined as of the end of such calendar year.   This right shall be exercisable by the Grantor's wife only during the last two weeks of the calendar year and by requesting the withdrawal in a writing to the Trustee.   If Grantor's wife's right to withdraw principal under this Section 3.03(a) commences other than at the beginning of a calendar year, then the amount to be so withdrawable during that first calendar year shall be prorated on the basis of the number of calendar days left in the calendar year.   The right to withdraw such principal shall be non-cumulative; that is, any principal not withdrawn in any year may not be withdrawn in any subsequent year.   Grantor's wife need give no reason for any withdrawal of principal under this paragraph, it being Grantor's intent and purpose that Grantor's wife's power of withdrawal shall be unqualified, and not subject to rejection by the Trustees, other than for exceeding the amount which is subject to such withdrawal.


(b)   In addition to the payments of income and principal as provided in Sections 3.02 and 3.03(a), the Trustee shall pay to or apply for the benefit of Grantor's wife such amounts of

- 17 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

RODERICK FISHER

**EXHIBIT 14**
**Page 21 of 53**

principal as are necessary for her support, maintenance and medical needs.

Section 3.04 - Upon Death of Grantor's Spouse

(a)   Upon the death of Grantor's wife, if the Grantor predeceased her, the Trustee shall receive to administer as part of this trust any property passing by gift or by devise or bequest from Grantor's spouse.  Upon Grantor's death, if his wife predeceased him, or if Grantor predeceased his wife, then upon her death, the Trustee shall allocate and distribute the unpaid net income and remaining principal to trust as provided in Section 3.04(b)(2) and (3) of this Trust Declaration.

(b)(1)   The amounts allocated to this Section 3.04(b) shall be continued in trust for the benefit of Grantor's granddaughter, JOHANNA N. FISHER.

Prior to her reaching age thirty, the Trustee shall distribute such amounts of the current net income and principal of that share for Grantor's granddaughter's post-high school studies including college, trade school, graduate or post graduate or professional school.  "Education expenses" shall include tuition, fees, books, supplies, room and board, and transportation between home and school. Any income not distributed currently shall be accumulated and added to

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

- 18 -

principal.  Upon her graduation, the Trustee shall distribute to Grantor's granddaughter all of the accumulated and unpaid current net income and remaining principal.

(b)(2)  If JOHANNA N. FISHER does not complete a post high school program, then the balance of the income and principal allocated to subparagraph (b)(1) of this <u>Section 3.04</u> and any additional amounts allocated to this subparagraph (b)(2) shall be continued in trust, with the income accumulated and added to principal until JOHANNA N. FISHER reaches age thirty.  At that time, provided that JOHANNA N. FISHER has not engaged in conduct involving moral turpitude, as determined by the Trustee in her or his sole discretion, the Trustee shall distribute the accumulated and unpaid current net income and remaining principal to Grantor's granddaughter, JOHANNA N. FISHER.

(b)(3)  In the event of the death of JOHANNA N. FISHER or if she has engaged in conduct involving moral turpitude, as determined in the Trustee's sole discretion, the accruing and unpaid net income and remaining principal of this trust shall be allocated to and administered for Grantor's wife as provided in <u>Sections 3.02 and 3.03</u> of this Trust Declaration.  If Grantor's wife is not living or upon Grantor's wife's death, the accrued and unpaid net income and remaining principal shall be allocated to the issue by representation of JOHANNA N.

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

- 19 -

**EXHIBIT 14**
**Page 23 of 53**

FISHER, subject to the provisions of paragraph (c) of this Section 3.04, or if there are none, to BOWIE STATE UNIVERSITY of 14000 Jericho Park Road, Bowie, Maryland 20715-9465, to establish the "JOHANNA MARGERITA FISHER SCHOLARSHIP FUND" for the benefit of worthy students of color.

(c)  The share allocated to an issue of Grantor's granddaughter, JOHANNA N. FISHER, who has already reached age twenty-one shall be distributed to him or her. The share of an issue who has not reached age twenty-one shall be distributed to the person hereinafter named as custodian for the issue until age twenty-one under the Maryland Uniform Transfers to Minors Act.  Grantor's friend, EDWARD THOMAS RHODES, SR. of 3251 South Leisure World Boulevard, Silver Spring, Maryland 20906, (or if he is unwilling or unable to serve, Grantor's son, MICHAEL K. FISHER, or if he is unwilling or unable to serve, the other parent of the issue) shall serve as custodian.

(d)  <u>Assets of the ROBERT K. FISHER'S GRANDDAUGHTER'S OR GRANDDAUGHTER'S ISSUE'S MINIMUM REQUIRED DISTRIBUTION TRUST</u>. With respect to any of Grantor's retirement accounts of which his granddaughter, JOHANNA N. FISHER, or her issue is a designated beneficiary, the Trustee shall create the ROBERT K. FISHER'S GRANDDAUGHTER'S OR GRANDDAUGHTER'S ISSUE'S MINIMUM REQUIRED DISTRIBUTION TRUST, and the Trustee shall withdraw

- 20 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9201 OLD GEORGETOWN ROAD BETHESDA, MD

ROBERT K. FISHER

from such trust, in each year, the minimum required

distribution under Section 401(a)(9) of the Code for such year

computed based on the life expectancy of that granddaughter or

granddaughter's issue, and shall immediately distribute such

amount to that granddaughter or granddaughter's issue.

In the event the granddaughter or granddaughter's issue is

living at the time of allocation to a Minimum Required

Distribution Trust, but dies before receiving a full

distribution of the retirement accounts payable to the Trustee

of the Minimum Required Distribution Trust, any balance payable

shall be paid to the granddaughter's or issue's issue by

representation or, if there are none, equally to his or her

siblings and the issue by representation of any of them not

living at that time, or if there are none, to Grantor's issue

by representation, subject to the provisions of paragraphs (b),

(c), and (d) of this Section 3.04.

(e)(1)  Grantor's disclaiming child or granddaughter or any

other beneficiary under this trust who is deemed to be a "non-

skip person" in a situation where assets or trust property

becomes or, in the discretion of the Trustee, is about to

become subject to the generation skipping transfer tax under

the Code shall have the right at any time or times during his

or her lifetime, or upon his or her death, to appoint the

- 21 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

**EXHIBIT 14**
**Page 25 of 53**

assets of this share or any portion thereof by will or

Revocable Trust together with any accumulated or unpaid net

income thereof, to or among any or all of such person's

children or grandchildren, or his or her siblings, or siblings'

children or grandchildren, in whatever proportions upon such

terms and conditions, in further trust, by the creation of a

general power of appointment, or otherwise, as such person

shall deem proper, except that no appointment shall be made

under this Section 3.04(e)(1) to that person, his or her

estate.  This limited power of appointment shall be exercisable

only by that person alone and in all events by a specific

reference thereto in his or her appointive instrument.

(e)(2)   The Trustee (other than the person who is deemed a

"non-skip person") may, with respect to any trust or portion

under this Section 3.04(e) that has an "inclusion ratio" (as

defined in Section 2642 (a)(1) of the Code) greater than zero,

by an instrument in writing delivered to the person identified

above in this paragraph (e), expand the class of persons to

whom he or she may appoint the trust property as provided in

subparagraph (e)(1) of this Section 3.04 to include himself or

herself, his or her estate, creditors and the creditors of his

or her estate.  The Trustee may (but need not) limit such

expansion by formula or otherwise to less than all of the trust

property.  Any such expansion may be revoked by the Trustee at

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

any time prior to such person's death by an instrument in writing delivered to him or her.  Grantor anticipates that the Trustee will expand such power if the Trustee believes that any generation-skipping transfer tax payable upon his or her death would exceed the federal and state death taxes payable in lieu thereof if the power is expanded.  The Trustee shall not be liable for any exercise or failure to exercise this power provided the Trustee considers in good faith the advisability of its exercise when requested to do so by such person, his or her guardian, or a member of his or her family.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9201 OLD GEORGETOWN ROAD, BETHESDA, MD

ARTICLE IV

Methods of Making Payments to Beneficiaries;

Spendthrift Clause

Section 4.01 - Methods of Making Payments

For the purpose of safeguarding what is being provided for Grantor and for the other beneficiaries hereunder, and the protection of the best interests of the Grantor and of the other beneficiaries hereunder, the Trustee may make the payments of net income and principal due to be made, and of any principal the Trustee may determine to make available, whether the same becomes payable to or is made available for Grantor or for an adult or for a minor beneficiary, in any one of the

ROBERT K FISHER

following methods (paragraph (d) applying only as to minor beneficiaries):

(a)   Making the payment directly to the beneficiary; or,

(b)   Applying or expending the same on behalf of the beneficiary; or,

(c)   Making the payment to the person acting under a power of attorney from the beneficiary or having the custody of the beneficiary, whether by court appointment or otherwise; or,

(d)   Investing, reinvesting and accumulating, with all the powers and duties conferred by this Declaration, any part or all of the net income or principal payable to a minor, and paying the entire fund and accumulation to the minor upon arrival at the age of majority or at the age of twenty-one or to the beneficiary's estate in the event of death prior thereto; or,

(e)   Depositing the same to the credit of the beneficiary in the commercial or savings department of any bank or trust company, whether in an account in the name of the beneficiary alone; or,

(f)   Applying or expending the same for the benefit of, or paying the same to, any one or more members of the family of the beneficiary.

**EXHIBIT 14**
**Page 28 of 53**

The Trustee shall not be bound to continue ~~any particular~~ mode or method of payment but shall be at liberty to adopt any mode or method of making payment which, in the Trustee's sole and absolute discretion, is deemed to be in the best interests of the beneficiary at the time each and every distribution of income or principal, either or both, is about to be made.

The written receipt from any person or persons bearing any of the above relationships to the beneficiary to whom any payment may be made, or the written, signed receipt of the beneficiary, whether by endorsement on a check or draft representing the payment or otherwise, or the stamped deposit slip of the bank or trust company where the deposit is made, or the receipt covering the application or expenditure, as the case may be, shall be a full and complete acquittance and release to the Trustee for any amounts so paid out, deposited, applied or expended.

### Section 4.02 - Beneficiaries Without Right to Alienate

Subject to the rights reserved to Grantor under ARTICLE I hereof, and except as provided in Section 4.04, none of the beneficiaries shall have the right or power or authority to sell, transfer, pledge, mortgage, hypothecate, alienate, anticipate or in any manner affect or impair their respective beneficial and legal rights, title, interests, claims and

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 8207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

EXHIBIT 14
Page 29 of 53

estate hereunder, whether as income or principal, nor shall the same be subject to the rights, claims, garnishments, or attachments of the creditors of any beneficiary, nor be subject to nor liable under any such or other process of law or court.

Section 4.03 - Attempt to Alienate or Seize

Subject to the rights reserved to Grantor under ARTICLE I hereof, and except as provided in Section 4.04, in the event the income or principal of any of the trusts created herein, or any part thereof, because of any attempted alienation of any beneficiary or because of any attempted seizure under process, shall become payable or be likely to become payable to any person other than the designated beneficiary, then the right of such beneficiary to receive such principal or income under this Declaration shall cease and the Trustee in the Trustee's absolute discretion, may pay to the spouse of the beneficiary or the issue of the beneficiary, or apply to the use and benefit of any of them (but without any obligation to do so), or pay to any person or persons for the use of the beneficiary, that portion of the principal or income which would otherwise become payable to the beneficiary, and such payment by the Trustee shall constitute a full discharge in respect thereof.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9201 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

**EXHIBIT 14**
**Page 30 of 53**

Section 4.04 - Disclaimers

(a)   If any beneficiary disclaims any part or all of the interest or property to which he or she is entitled under this Trust Declaration, then the following rules of construction shall apply:

> (i)   For the purpose of determining which person or trust or other entity shall receive the interest or property as designated in this Trust Declaration, it shall be presumed that the disclaimant was not living at the time of the effective date of the disclaimer.

> (ii)   For the purpose of determining the time when and manner in which the person or trust or other entity receives the interest or property, it shall be presumed that the disclaimant was not living at the time of the effective date of the disclaimer.

> (iii)   If, however, the disclaimant is a Trustee of the trust which receives the interest or property or a custodian under the Uniform Transfers to Minors Act for the person who receives the interest or property, then, for purposes of permitting the disclaimant to serve as Trustee or custodian, it shall be presumed that the disclaimant was living at

- 27 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K FISHER

**EXHIBIT 14**
**Page 31 of 53**

the time of the effective date of the

disclaimer unless: (a) the Code or State law

prohibits a qualified disclaimer in a

situation where the disclaimant serves as

Trustee or custodian; or (b) the disclaimant

renounces or declines the appointment as

Trustee or custodian.

(iv)    If Grantor's spouse is the disclaimant

and the trust which is determined to receive

the interest or property provides a benefit

for the spouse which is limited to the

mandatory distribution of income to the spouse

(which income interest is not disclaimed by

Grantor's surviving spouse) then for purposes

of permitting the spouse to receive the income

interest, it shall be presumed that the

disclaimant was living at the time of the

effective date of the disclaimer.

(v)    If the trust which is determined to

receive the interest or property provides

benefits for a disclaimant who is not a

surviving spouse, then it shall be presumed

that the disclaimant was not living at the

time of the effective date of the disclaimer

so that the disclaimant shall not be entitled

- 28 -

**EXHIBIT 14**
**Page 32 of 53**

to any of the trust benefits which shall be

held for or distributed to the other trust

beneficiaries.


(b)    Any beneficiary under this Trust Declaration may make a

transfer similar to a qualified disclaimer pursuant to Section

2518(c)(3) of the Code.


ARTICLE V

Mandatory Termination of Trust

Section 5.01 - Time at Which Trust Must Terminate

Anything herein to the contrary notwithstanding, each of the

trusts created under this Declaration shall terminate, if not

sooner terminated under the prior provisions hereof, on the

second anniversary of the death of the last to survive of the

following persons who are living at the time of execution of

this Trust Declaration:   Grantor, Grantor's spouse, Grantor's

granddaughter, and Grantor's granddaughter's issue.


Section 5.02 - Distribution on Mandatory Termination

Should any trust created hereunder terminate by reason of the

operation of Section 5.01, the Trustee shall immediately make

distribution of the principal, and of the accumulated and

undistributed net income, of the trust remaining in the

Trustee's possession at date of termination to the

- 29 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

EXHIBIT 14
Page 33 of 53

beneficiaries of the trust who are entitled at the time of

termination to the distribution of the trust's net income.


ARTICLE VI

Powers, Duties and Discretions of Trustee

Section 6.01 - General Broad Powers

Subject to the rights reserved to the Grantor under ARTICLE I,

the Trustee shall have and possess, and may exercise as the

Trustee's sole and absolute discretion may dictate, at any and

all times, all of the rights, powers, privileges, authorities

and discretions incident to the office of Trustee or required

in or convenient for the discharge of the trust created by this

Declaration, and also all of those which are implied or which

are expressly conferred upon or vested in the Trustee by this

and the prior and subsequent ARTICLES of this Declaration.

Subject to the rights reserved to the Grantor under ARTICLE I,

the Trustee may also exercise any and all rights and powers and

perform or omit performing any and all acts, and enter into any

and all contracts, agreements and transactions with reference

to the trust estate as though the Trustee owned the same and to

the same extent as a person owning similar property in his or

her own right might lawfully exercise, do, omit to do, or enter

into.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

Section 6.02 - Specific Powers by Way of ~~Example~~

Subject to the rights reserved to the Grantor under ARTICLE I,

the Trustee shall also have and possess the following specific

rights, powers, authorities and discretions (including those

incident to their exercise) set forth in this Section by way of

example and not by way of exclusion of any not mentioned; all

to be exercised in the Trustee's sole and absolute discretion

at any time and from time to time:

> (a)   To retain in the trust estate all of
> the property in any way and at any time
> transferred by Grantor to the Trustee
> without making any change of any kind in
> the property whether any part or all of
> such property be of the character
> permissible for investments by fiduciaries
> or be secured or unsecured, provided the
> property is income-producing.  To continue,
> operate, discontinue and liquidate, sell or
> otherwise dispose of all or any part of
> such businesses or business interests which
> may be a part of the trust estate upon such
> terms as the Trustee shall deem advisable,
> and as more particularly hereinafter
> provided:

>> (i)     The Trustee may sell or dispose of
>> any such businesses or business interests
>> as a unit, by bulk sale or sale of stock,
>> or may sell or dispose of the assets of
>> any such businesses separately from time
>> to time, and such disposition may be
>> consummated at public sales or by way of
>> negotiated sales and in either case upon
>> such terms of payment and credit as the
>> Trustee shall determine.

>> (ii)    The Trustee may carry on the
>> businesses or business interests in the
>> form either of a partnership,
>> proprietorship or corporation for such
>> period of time as shall be in the best

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 920? OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

- 31 -

**EXHIBIT 14**
**Page 35 of 53**

interests of Grantor's estate or trust created hereunder.  The Trustee shall continue to operate the businesses or business interests without liability for any losses incurred in carrying on such businesses or for any depreciation in the value of the assets thereof, with full power to employ a manager, to enter into any partnership agreement, or to organize any corporation, as may be necessary to carry out this authority.

(iii)  The Trustee may use or employ, directly or indirectly, the general assets of any trusts of which such businesses are a part in carrying on such businesses, and may subject such assets or principal as the case may be, to the debts or other liabilities of such businesses.  The Trustee is authorized to participate directly in the conduct or management of any such businesses whether they be operated as a proprietorship, partnership or corporation, and to receive reasonable compensation for such services.

(b)  To purchase or otherwise acquire, and to invest and reinvest, to vary, change or exchange investments and reinvestments whether of unlike or like nature, and to retain purchases, acquisitions, investments and reinvestments in any and all types of stocks, bonds, notes, mortgages and other evidences of indebtedness, in other types of securities, in any types of liens, in stocks or interests in investment trusts, in common or general trust funds for the collective investment of fiduciary funds, in any other types of personal property, in any variety of real property, and in any trusts or estates, provided the investment or reinvestment be income-producing; and also in any participations or interests in any of the foregoing; all with due regard to the safety of principal but without regard to whether or not such investments be  of the character permissible for investments by fiduciaries, or be secured

LAW OFFICES OF LEE F. HOLDMANN CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

**EXHIBIT 14**
**Page 36 of 53**

or unsecured, or be readily marketable, and even if the whole or a substantial portion of the trust estate shall be invested or reinvested in one security or but a few securities, or in common stocks or in equities or in any one kind of investment.

(c)  To render liquid at any time and from time to time any part or the whole of the trust estate; and to deposit any cash resulting from liquidating, or at any time held, in the commercial or other banking departments of any bank or trust company, without liability for interest except as to such interest as may be paid on the deposit.

(d)  To sell, lease, pledge, mortgage, transfer, exchange, convey or otherwise dispose of any trust property or any interest in trust property, including real property, or grant options, easements or rights of way, and to enter into any and all types of contracts, with respect to any and all trust property including real property, at any time or times for such purposes, for such prices and upon such terms, credits and conditions as may be deemed advisable; and to execute and deliver any deed or deeds (with or without warranty), receipts, releases or other instruments in connection therewith.  Any lease made by the Trustee may extend beyond the period, if any, fixed by statute for leases made by fiduciaries and beyond the duration of any trust, and may be made to commence in the future.

(e)  To manage, maintain, alter, remodel and improve any real estate which may become a part of the trust estate; to pay all costs and expenses incident thereto either out of the income or principal, or both.

(f)  To borrow money at any time and from time to time without personal liability, and to renew and extend such borrowings without personal liability, from any entity

- 33 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

including the Trustee hereunder for any
purposes which the Trustee deems connected
with the protection, preservation or
improvement of the trust estate or which
the Trustee deems necessary in the
administration of the trust estate, such
borrowings, renewals and extensions to be
upon such terms and conditions, and at such
rate or rates of interest as the Trustee
may deem advisable; to give or not to give
security for the same and, if security be
given, to give the same against any part or
all of the trust estate; and to give or not
to give evidence of any such borrowings or
renewals or extensions by demand or time
promissory notes or other instruments.
Should the borrowings, renewals and
extensions be from the Trustee hereunder,
the assets of the trust estate shall stand
as security, and the Trustee shall have a
lien thereon at not more than six percent
per annum.

(g)   To determine what is income and what
is principal; to charge or apportion gains,
losses, costs, fees, taxes and expenses to
principal or to income, or partly to one
and partly to the other; to fix the rates
of depreciation, obsolescence, depletion
and amortization; and to establish or not
establish a sinking fund for securities
purchased above par.

(h)   To adjust, compromise, settle and pay
upon such terms and conditions, and for
such amounts as the Trustee deems
advisable, any claims or rights whatsoever,
whether against or in favor of the trust
estate, whether in litigation or not,
whether after arbitration or not, and
regardless of whether such claims or any of
them shall or shall not, in the opinion of
the Trustee, be enforceable against the
trust estate or any part thereof; to
institute, prosecute or defend such legal
proceedings against or in favor of the
Trustee as such or against or in favor of
the trust estate as may be considered
advisable by the Trustee; and to charge to

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

- 34 -

income or to principal any amounts paid
under this paragraph, including expenses
incurred.

(i)   To pay any and all taxes, and any
penalties and interest thereon, which may
be assessed against the trust estate or
against the Trustee in the Trustee's
capacity as such or which, in such
capacity, may be or become payable by the
Trustee.

(j)   To foreclose any mortgage, bond or
deed of trust obligations, and to order the
sale of property subject to mortgages,
bonds, or deeds of trust, and to bid on the
property under foreclosure and under deed
of trust sale; to continue any note, bond,
mortgage or deed of trust investment after
maturity, either with or without renewal or
extension, upon such terms as the Trustee
shall determine; to consent to the
modification, renewal or extension of any
note, bond, mortgage or deed of trust, or
of any security thereunder, or to the
release of such guaranty to security; to
use such part of the property hereunder as
the Trustee shall deem for the  better
protection of any investment in real
property, or in any note, bond, mortgage,
or deed of trust secured on real property
or for any of the other purposes of this
paragraph.

(k)   To employ agents and counsel,
including professional legal, tax and
investment counsel, whenever the same is
deemed necessary, and to pay out of the
income or principal, or both, of the trust
estate the reasonable compensation of such
agents and counsel.  Any agents or counsel
so employed will not be liable as a Trustee
for his, her or its actions in connection
with this Trust.

(1)   To exercise all rights, warrants,
options and privileges, whether to vote,
assent, subscribe, convert, and of any
other nature, which may be granted to or

- 35 -

exercised by the holders or owners of any
property held hereunder, including life
insurance company contracts, and to sell
any subscription, warrant or other rights,
to grant any proxies, whether or not
discretionary, and whether with or without
right of substitution, and to become party
to, or deposit securities under, and accept
securities issued under any voting trust
agreement, and to maintain a stock
brokerage account and to trade in
securities on a margin basis.

(m)   To oppose, or assent to or participate
in, any plan or reorganization,
readjustment or extension of capital
structure or indebtedness, consolidation,
merger, dissolution, liquidation, sale or
purchase of assets, lease or other similar
proceeding by any entity whose securities
or obligations, or rights or interest in
which, shall be held hereunder; to assent
to any contract, mortgage, deed of trust or
other action by any such entity; to deposit
securities or evidences of rights,
interests or obligations under, or become
party to, any agreement or plan for such
proceeding or for the protection of holders
of securities; to delegate discretionary
powers to any reorganization, protective or
similar committee; to pay a proportion or
any reasonable part of any assessments
levied and expenses incurred in connection
with any of the foregoing; and to
subscribe, pay for and retain any new
property and to exchange any property for
any other property in connection with any
of the foregoing.

(n)   To take or hold title to any or all of
the property comprising the trust estate
either in the name of the Trustee, or in
bearer form, or in the name of a nominee
without disclosing the trusteeship, or
unregistered, or in any form such as title
will readily pass by delivery.   In
accepting any property hereunder, neither
the Trustee nor the Trustee's nominee shall
be held to have assumed any responsibility

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

- 36 -

**EXHIBIT 14**
**Page 40 of 53**

as to the validity of the title to the property or as to the payment of any encumbrances thereon. All conveyances of the trust property executed and delivered by the Trustee or by the nominee shall be without covenants or warranty except as against the acts of the Trustee or nominee.

(o)   To set up the assets of the respective separate trusts by bookkeeping entries only, rather than physically segregating the respective assets thereof; to amend this Trust Declaration either prior to or following the Grantor's death in order to divide the qualified terminable interest property ("QTIP") trust into two or more trusts, and this amendment may be solely for federal estate tax purposes or solely for state estate tax purposes, including for purposes of only one state, as the Trustees may deem appropriate and specify in the amendment; to make any distribution out of the separate trusts whether in cash or in kind, or partly in cash and partly in kind; to determine the value of any property so assigned or distributed; the decision of the Trustee respecting the value of any property so assigned by bookkeeping entries to any trust or so distributed shall be binding upon all beneficiaries concerned.

(p)   No person dealing with the Trustee shall be bound to see to the disposition of the cash or other property transferred to the Trustee or to inquire into the provisions of this Declaration or into the authority or propriety of any action taken by the Trustee.

(q)   The Trustee shall incur no liability whatsoever in the performance of the Trustee's duties or in the exercise of discretions hereunder except that the Trustee shall be liable as to losses which may occur by reason of gross negligence, willful misconduct, willful breach of this

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

- 37 -

trust, or fraud.  No Trustee shall be
liable for the acts or omissions of any
prior Trustee.

(r)   The Trustee shall maintain suitable
books of account, which shall be open to
inspection at all reasonable times by
Grantor while living; and, after Grantor's
death, by any adult beneficiary as to the
beneficiary's trust and by any person
having the custody of any minor or adult
beneficiary as to the trust in which the
minor or adult has an interest.  During
Grantor's lifetime, the Trustee shall
render an informal accounting to Grantor as
of the end of each calendar year; and,
after Grantor's death, an informal
accounting as of the remainder of the
calendar year during which Grantor's death
occurred, and as of each calendar year
thereafter, shall be rendered to each adult
beneficiary covering the trust under which
the person is a beneficiary and to the
person or persons having the custody of a
minor or adult beneficiary as to the trust
under which the minor or adult is a
beneficiary.

Each informal accounting rendered as herein
provided unless objected to in writing
within ninety days from the date of the
mailing of the accounting, shall be deemed
to represent a full, complete and accurate
statement of the status of the respective
trusts as of the date rendered and shall
stand approved and ratified by the Grantor
while living and, as to each respective
separate trust, by the person to who
rendered after Grantor's death.  No
beneficiary shall have the right to demand
a reopening of, or to question, any account
which stands so approved and ratified.

(s)   The Trustee shall not be required to
make or file any inventory or appraisement,
or to make or file any annual or other
reports, accounts or returns, to any court
in any jurisdiction.  Furthermore,
consistent with the requirements of

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD BETHESDA, MD

ROBERT J. FISHER

- 38 -

**EXHIBIT 14**
**Page 42 of 53**

paragraph (r) of this Section 6.02, privacy shall be maintained concerning all of the terms of this Trust Declaration and all activities of the Trustee in administrating any trust established under this Trust Declaration and consistent with the policy of the legislation of the State where this trust is administered, no beneficiary of any trust established under this Trust Declaration shall have the right to force a court or administrative body to assume jurisdiction over any trust established under this Trust Declaration or to require any inventory, accounting, or other filings to be made on the public records.

(t)   The Trustee shall prepare and file all income and other tax returns, including estate and inheritance tax returns, required to be filed by the Trustee, and shall pay, out of income or principal or both any taxes due thereon.

(u)   No Trustee shall be disqualified from acting as such in any transaction involving the trust estate created hereunder by reason of the Trustee's personal or pecuniary interest therein.

(v)   The Trustee may make distributions in cash or in specific property or an undivided interest therein, or partly in cash and partly in such property, and may do so without regard to the income tax basis of specific property allocated to any beneficiary, including any trust.   In making distributions, it is suggested but not directed that the Trustee do so in a manner which will provide  that the property being sold to satisfy obligations of Grantor's estate or any trust hereunder shall have an aggregate income tax basis as close as possible to the aggregate fair market value of the property, and, to the extent consistent with this primary objective, result in maximizing the increase in basis for federal and state estate and succession taxes attributable to appreciation.

- 39 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

(w)  The Trustee may hold the assets of two or more trusts or parts of such trusts created by the same instrument or by two or more instruments if the trust provisions are substantially similar, as an undivided whole, without separation as between the assets of such trusts or parts of such trusts; but such separate trusts or parts of such trusts shall have undivided interests in such assets; and no such holding shall defer the vesting of any estate in possession or otherwise. Such authority shall include the holding of assets or maintenance of accounts as tenants in common with other trusts or entities.

Section 6.03 - Compensation of Trustee

No Trustee shall be entitled to receive compensation for services as Trustee, but the Trustee may receive reimbursement for all reasonable expenses, including any travel expenses, incurred in the performance of duties as Trustee.

Section 6.04 - Bond of Trustee

No bond of any kind shall be required to be given by the Trustee hereunder.

Section 6.05 - Removal and Resignation of Trustee

(a)  A Trustee hereunder may be removed at any time and for any or no reason by the Grantor, if living and capable of acting. A Trustee hereunder may resign as Trustee upon giving not less than thirty days' notice thereof to Grantor while living, and

- 40 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

to each person to whom a yearly accounting is to be made after Grantor's death.  Such notices shall be sent by return receipt, registered mail, and shall give the date upon which the resignation is to be effective.

(b)  The resigning or removed Trustee shall, if necessary, convey all of the Trustee's rights, title or interests in and to the trust estate to the new Trustee appointed as hereinafter provided.

Upon resignation or removal and upon conveyance by the resigning or removed Trustee, if necessary, and upon approval of the Trustee's accounting for all funds and trust property since the last accounting made as herein provided for, such resigning or removed Trustee shall be discharged from all further liability hereunder.

Section 6.06 - Selection of Successor Trustees

If Grantor is unwilling or unable to serve as Trustee, then Grantor's wife, DORIS R. FISHER, shall serve as Trustee.  If she is unwilling or unable to serve, then Grantor's friend, EDWARD THOMAS RHODES, SR., (or if he is unwilling or unable to serve, the person designated in writing by DORIS R. FISHER, or if she fails to so designate, the person designate in writing by EDWARD THOMAS RHODES, SR.) shall serve as Trustee.

- 41

**EXHIBIT 14**
**Page 45 of 53**

The Trustee appointed herein is appointed only on condition that the Trustee agrees that the lawyer who is retained by the Trustee may disclose to beneficiaries or to an appropriate court or governmental body any actions that might constitute a breach of trust. This conditional appointment shall not increase the lawyer's duties; the lawyer may, but is not required to, make such disclosure.

A Trustee may delegate the power and authority to act for any trust under this Trust Declaration to any of the persons named in this Section 6.06 and all acts pursuant to the delegation shall be binding on the trusts and trust beneficiaries.

The Successor Trustee shall succeed to all the rights, powers and discretions herein conferred upon the original Trustee, and shall be subject to all of the duties and obligations imposed upon the original Trustee; but the Successor Trustee shall not be required to inquire into the conduct or management of the trust estate by the predecessor Trustee, nor shall the Successor Trustee have any liability for any act or conduct of the predecessor Trustee, or for anything done or omitted to be done under any of the trusts hereunder prior to the date of appointment and acceptance of the Successor Trusteeship.

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K FISHER

**EXHIBIT 14**
**Page 46 of 53**

ARTICLE VII

Effect of, and Law Governing, This Trust

Section 7.01 - On Trustee

The Trustee, by joining in the execution of this Declaration, signifies acceptance of the trust herein created; acknowledges receipt from Grantor of the property described in Schedule "A" attached hereto; and agrees to hold the property and use and dispose of the same and of the income thereof subject to the trusts, terms and provisions set forth in this Declaration.

Section 7.02 - On Successors to Grantor and Trustee

It is mutually agreed that this Declaration shall extend to and be obligatory upon the personal representatives, executors, administrators, legal representatives and successors and assigns, respectively, of the parties hereto, as such terms shall apply.

Section 7.03 - Adopted Child and Child in Gestation

A child adopted by any person and the descendants of such child by blood or adoption shall be considered for purposes of this instrument as though the child and his or her descendants were related by blood to the adopting parent or to the lineal ancestors of the adopting parent. The term "issue" shall include a child in being during the period of gestation who is later born alive for purposes of determining, on the

- 43

**EXHIBIT 14**
**Page 47 of 53**

termination of any trust or estate hereunder, whether any child or issue is entitled to share in the disposition of such trust or estate; however, for other purposes, such child's or issue's rights shall accrue from the date of birth.

### Section 7.04 - Law Governing and Situs

The trusts hereby created shall in all respects be construed and regulated by the laws of the State of Maryland, and the situs of the trusts hereby created shall be the State of Maryland.   The Trustee shall have the right to change the situs of the trusts created hereby to any other state or jurisdiction which the Trustee may select.

### Section 7.05 - Common Fund

For the convenience of administration and investment, the Trustee is authorized to hold any trusts and shares created under this Trust Declaration as a common fund, dividing the income proportionately among such trusts and shares; to assign undivided interests to the several trusts and shares; and to make joint investments of the assets of the trusts and shares. For such purposes, and insofar as may be practicable, the Trustee may consolidate any separate trust or share created under this Trust Declaration with any other trust or trusts created by the Grantor or any member of his family by Will or

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

- 44 -

**EXHIBIT 14**
**Page 48 of 53**

declaration or agreement, and may hold, administer and invest
the several trusts as one or more common fund or funds and make
joint or several distributions of income and principal thereof,
whichever the Trustee deems advisable.

LAW OFFICES OF LEE F. HOLDMANN, CHTD, 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

**EXHIBIT 14**
**Page 49 of 53**

CONCLUSION

IN WITNESS WHEREOF, Grantor and the Trustee have set their hands and seals to three identical copies of this Trust Declaration, on the dates set below their respective signatures, to be effective for all purposes as of the date on which signed by the Grantor and the Trustee hereunder.

**THE GRANTOR**

Witnesses as to Grantor:

_____     _____ (SEAL)
                                     ROBERT K. FISHER

Date Signed: _9/1/05_                Date Signed: _Sept. 1st 2005_

_____
Date Signed: _____

**THE TRUSTEE**

Witness as to Trustee:

_____     _____ (SEAL)
                                     ROBERT K. FISHER

Date Signed: _9/1/08_                Date Signed: _Sept. 1st 2005_

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD

ROBERT K. FISHER

**EXHIBIT 14**
**Page 50 of 53**

T R U S T    D E C L A R A T I O N

Schedule "A"

The undersigned Trustee hereby acknowledges receipt from ROBERT

K. FISHER of the following described property as the initial

corpus of the ROBERT K. FISHER REVOCABLE TRUST:

(1)   All of the tangible personal property owned by the
Grantor.  Tangible personal property includes, but is
not limited to, furniture, furnishings, china,
silverware, jewelry, ornaments, works of art, books,
pictures and other household effects, wearing apparel
and other articles of personal use and vehicles.

(2)   Grantor's interest in that improved real property
known as 1818 Aberdeen Circle, Crofton, Maryland
21114.

(3)   Grantor's interest in that tree farm situate in the
Fork Union Magisterial District, Fluvanna County,
Virginia, and further described in that Deed recorded
at Book 297, Page 687 in the Land Records of said
County and State.

(4)   Grantor's interest in the following securities:
(a) _____.
(b) _____.
(c) _____.

(5)   Grantor's one-half tenancy in common interest in the
following cash accounts:
(a)  Bank of America Account No.
052001633002941011215.

(6)   Beneficiary designation under the following life
insurance policies:
(a)  Grantor's Federal Employees Group Life Insurance.

- 47 -

ROBERT K FISHER

LAW OFFICES OF LEE F. HOLZMANN, CHTD. 9207 OLD GEORGETOWN ROAD BETHESDA, MD

**EXHIBIT 14**
**Page 51 of 53**

(7)   Contingent beneficiary designation under the
      following annuities and individual retirement
      accounts:
      (a)  U. S. Allianz Variable Annuity No. DA 008703.
      (b)  Pioneer IRA Account No. 002 556182050.


Done at Anne Arundel County, Maryland, this _1st_ day
of _September_ , 2005.

                                    _Robert K. Fisher_ (SEAL)
                                    ROBERT K. FISHER

LAW OFFICES OF LEE F. HOLDMANN, CHTD. 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

- 48 -

**EXHIBIT 14**
**Page 52 of 53**

T R U S T   D E C L A R A T I O N

### Schedule "B"

### D E L E G A T I O N

The undersigned Trustee, pursuant to Section 6.06 of the ROBERT

K. FISHER REVOCABLE TRUST u/d _Sept. 1st_, 2005,

hereby delegates full power and authority to act as Trustee to

his wife, DORIS R. FISHER.  Either the Grantor or his wife may

act as sole Trustee on his or her signature and authority, or

they may act as Co-Trustees on their signatures and authority.

Grantor hereby ratifies and confirms all acts of DORIS R.

FISHER performed pursuant to this delegation.

_Robert K. Fisher_ (SEAL)
ROBERT K. FISHER

Date Signed: _Sept. 1. 2005_

- 49 -

LAW OFFICES OF LEE F. HOLDMANN, CHTD., 9207 OLD GEORGETOWN ROAD, BETHESDA, MD.

ROBERT K. FISHER

T R U S T   D E C L A R A T I O N
**EXHIBIT 14**
Schedule "C"
**Page 53 of 53**

## CERTIFICATION OF TRUST

STATE OF MARYLAND         )
                          )
COUNTY OF ANNE ARUNDEL )

I, DIANE S. KOTKIN, hereby certify that I am an attorney duly licensed to practice law in the State of Maryland. I have reviewed and am familiar with the ROBERT K. FISHER REVOCABLE TRUST DECLARATION; and

THIS IS TO CERTIFY that on the ____ day of ____, 2005, ROBERT K. FISHER created and signed the ROBERT K. FISHER REVOCABLE TRUST. He is the Grantor and acting Trustee of said Trust Declaration.

FURTHER, THIS IS TO CERTIFY that as Trustee, ROBERT K. FISHER, or his successor in trust, is: (1) duly qualified under applicable law to serve as Trustee; (2) fully authorized under said Trust Declaration and applicable law to open accounts in the name of the Trust; and (3) fully authorized under said Trust Declaration and applicable law to pledge or encumber the trust assets.

FURTHER, the successor Trustee shall succeed to all the rights, powers and discretions conferred upon the original Trustee, ROBERT K. FISHER.

SIGNED this ____ day of ____, 2005.

By: _____
Diane S. Kotkin, Esq.
9207 Old Georgetown Road
Bethesda, Maryland 20814
(301) 530-0900

SUBSCRIBED AND SWORN TO BEFORE me this ____ day of ____, 2005.

_____
Notary Public
Typed or printed name of Notary:

(SEAL)

My commission expires: 1/1/08

- 50 -