**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | |
|---|---|
| MICHAEL K. FISHER, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: WDQ-11-1038 |
| DORIS R. FISHER, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This Memorandum and Order addresses Plaintiff Michael K. Fisher's Motion for the Imposition of Federal Rule of Civil Procedure 37(b) Sanctions Upon Defendant, ECF No. 60; Defendant Doris R. Fisher's Response and Opposition to Plaintiff's Motion, ECF No. 63; and Plaintiff's Reply, ECF No. 64. Plaintiff's motion requests that the Court render a default judgment against Defendant and/or designate certain facts contained in an affidavit established for purposes of this litigation. *See* Pl.'s Mot. ¶ 2. In support of this request, Plaintiff argues, in essence, that Defendant's purported failure to comply with a prior discovery order issued in this case amounts to bad faith, that such alleged noncompliance has prejudiced Plaintiff, and that less drastic sanctions would not be effective. *See* Pl.'s Mem. in Supp. of Mot. for Sanctions ¶¶ 102–108, ECF No. 60-4 (citing *Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 449 (4th Cir. 2002)); Pl.'s Reply ¶¶ 3–4. Defendant argues, among other things, that she has not failed to comply with this Court's discovery orders. *See* Def.'s Resp. & Opp'n ¶ 2, ECF No. 63. For the reasons explained below, Plaintiff's Motion for Imposition of Rule 37(b) Sanctions is DENIED.

Accordingly, this Memorandum and Order disposes of ECF Nos. 60, 63, and 64. Additionally, this Memorandum and Order imposes a final discovery deadline of Friday, October 12, 2012.

Under Federal Rule of Civil Procedure 37(b), where a party "fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). A court may impose a range of sanctions under the rule, including "directing that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," or "rendering a default judgment against the disobedient party."[1] Fed. R. Civ. P. 37(b)(2)(A)(i), (vi). Rule 37(b)(2)(A) "applies only when a party has failed to obey a court order—specifically, a discovery order." *Smith v. McGraw*, No. 10-cv-02310-AW, 2012 WL 603238, at *5 (D. Md. Feb. 23, 2012).

On November 29, 2011, I issued a Letter Order, granting defense counsel's request to extend the Rule 34 production date to January 10, 2012, and directing "Defendant to provide actual production of the requested documents to [Plaintiff] at that time, and not merely a written response promising future production." Nov. 29, 2011 Ltr. Order 1, ECF No. 41. I stated that Defendant's production was to be "complete, responsive, and non-evasive," and noted that boilerplate objections would be of no effect. *See id.* at 1–2 (citing Fed. R. Civ. P. 37(a)(4); Fed. R. Civ. P. 34(b)(2)(C); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38–39 (D. Md. 2000)). I also stated that "a failure to comply with this Letter Order may subject Defendant to case-dispositive sanctions under Fed. R. Civ. P. 37(b), if warranted." *Id.* at 2.

---

[1] "Instead of, or in addition to" the sanctions stated in Rule 37(b)(2)(A)(i)–(vii), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff maintains that Defendant violated my November 29, 2011 Letter Order by deliberately excluding certain requested documents from her response to Plaintiff's document production requests, and that Defendant has made various misrepresentations to the Court regarding her possession of these documents. *See, e.g.*, Pl.'s Mem. ¶¶ 11, 89–97, 100; *see also* Pl.'s Mot. for Leave to File Mot. for Sanctions ¶ 5, ECF No. 52. Specifically, Plaintiff alleges that Defendant did not provide documents related to eleven of the twenty-one financial accounts identified in Plaintiff's November 3, 2011 production requests by the January 2012 deadline, and that Defendant has continued to refuse to do so since then. *See* Pl.'s Mem. ¶¶ 13–14, 86–88.

In her response, Defendant focuses on her efforts to comply with my June 5, 2012 Memorandum Opinion and Order, ECF Nos. 58 & 59, which resolved Plaintiff's Second Motion to Compel, ECF No. 44. *See* Def.'s Resp. ¶¶ 1–2. As Plaintiff notes in his reply, that order is not the one that Plaintiff contends Defendant disobeyed. *See* Pl.'s Reply ¶¶ 3–4. Instead, Plaintiff argues in the present motion that Defendant failed to comply with my November 29, 2011 Letter Order requiring complete production of all documents requested in Plaintiff's November 3, 2011 document production requests. *See supra*. Defendant's confusion appears to be the result of the large number of documents at issue in this litigation and the various filings by, and communications among, the parties with regard to Rule 34 discovery: In Plaintiff's Second Motion to Compel, he sought production of documents related to the thirteen financial accounts listed in his Schedule of Financial Asset Account Documents Not Provided by Defendant, ECF No. 44-5.[2] *See* Apr. 19, 2012 Ltr. Order 1, ECF No. 54. These documents are *not* the subject of the present motion. Instead, in the pending motion, Plaintiff seeks sanctions for Defendant's alleged failure to produce documents related to eleven different financial

---

[2] Plaintiff refers to the documents associated with these thirteen accounts as the "Category (2)" documents. *See* Pl.'s Reply to Pl.'s Second Mot. to Compel ¶ 6(b), ECF No. 49; Pl.'s Reply ¶ 3.

accounts, which are addressed in the Summary of Defendant's Responses to Plaintiff's November 3, 2011 Requests for Document Production, ECF No. 48-1.[3] These documents were *not* the subject of Plaintiff's Second Motion to Compel or my June 5, 2012 Memorandum Opinion and Order, and the purported failure to produce them has not been raised by Plaintiff in a motion to compel.  Regardless, Defendant maintains that her document production efforts—as to these eleven financial accounts or as to any others—have not violated any discovery orders issued by the Court.  *See* Def.'s Resp. 1.

I previously have ordered that Defendant can be required to produce only those documents that are within her "possession, custody, or control."  Fed. R.. Civ. P. 34(a)(1). Defendant repeatedly has asserted that, as to the disputed eleven financial accounts, she has provided to Plaintiff all documents that are within her "possession, custody, or control."  *See, e.g.*, Def.'s Resp. to Pl.' Second Mot. to Compel ¶¶ 1 & 4, ECF No. 48; Summ. Def.'s Resps. to Pl.'s Nov. 3, 2011 Reqs. for Doc. Prod. 1–8;  Def. Counsel's Feb. 2, 2012 Ltr. 1–4, ECF No. 46-1; Def. Counsel's Feb. 13, 2012 Ltr. 1–2, ECF No. 46-3.  Plaintiff presents no evidence to the contrary; rather, he speculates regarding the existence of additional documents.[4]  My November 29, 2011 Letter Order required Defendant to produce all requested documents or to provide legitimate, specific, and non-boilerplate objections to Plaintiff's document production requests. *See* Nov. 29, 2011 Ltr. Order 1–2.  The fact that documents are not within a party's "possession, custody, or control" is a legitimate basis for objecting to a document production request.  *See* Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 34(b)(2)(C); *Fisher v. Fisher*, No. WDQ-11-1038, 2012 WL 2050785, at *3 (D. Md. June 5, 2012).  Accordingly, I find that the record before me does

---

[3] Plaintiff refers to these documents as the "Category (1)" documents.  Pl.'s Reply to Pl.'s Second Mot. to Compel ¶ 6(a); Pl.'s Reply to Pl.'s Mot. for Rule 37(b) Sanctions ¶ 3.

[4] *See, e.g.*, Pl.'s Mem. ¶ 92 ("Mrs. Fisher certainly must be in possession, custody, and control of . . documents [relating to a particular account, Item 15]. . . as there exists . . . one page of a 2010 tax document [that was produced by Defendant] listing [an item related to that account].").

not establish a factual basis to conclude that Defendant failed to comply with an order to produce documents there were, in fact, within her possession, custody, or control.[5]

Even were I to find, *arguendo*, that Defendant had violated my November 29, 2011 order, Plaintiff has not established that any sanctions— let alone case dispositive ones—should be imposed under the controlling law in this Circuit related to Rule 37(b) motions.  *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (stating that "the extreme sanction of . . . judgment by default" should be used only in "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules"); *accord Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. DKC-07-3385, 2010 WL 1068146, at *10 (D. Md. Mar. 17, 2010).  Courts in this Circuit consider four factors when evaluating whether to impose Rule 37(b) sanctions: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'"  *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)).

With regard to the first factor, I find no evidence of bad faith.  Bad faith includes "willful conduct," where a party "'clearly should have understood [its] duty to the court' but nonetheless 'deliberately disregarded' it."  *Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374, 2009 WL 6082878, at *6 (E.D. Va. Dec. 23, 2009) (quoting *Rabb v. Amatex Corp.*, 769 F.2d 996,

---

[5] Originally, Defendant did not explicitly object to production of documents not within her "possession, custody, or control."  Rather, she informed Plaintiff, in her responses to his document production requests, that she had produced "all documents [that were] within [her] possession and control."  *See* Def.'s Resps. to Pl.'s Particularized Doc. Prod. Reqs. 2–5, ECF No. 60-12; *see also* Def.'s Resps. to Pl.'s Nov. 3, 2011 Reqs for Doc. Prod. 1–8.  Later, the objections were stated outright.  *See* Def. Counsel's Feb. 7, 2012 Ltr. 2–4, ECF No. 46-1.

1000 (4th Cir. 1985)). Thus, bad faith has been found where, for example, a party "has failed to comply with more than one order of the Court," failed entirely to comply with the opposing party's discovery requests, or failed "even [to] attempt to obtain and produce [any] requested documents." *See Tolbert v. Charter Comm.*, No. 6:10-cv-02618-TMC-JDA, 2012 WL 1340120, at *3 (D.S.C. Mar. 22, 2012); *see also id.* (suggesting that bad faith is illustrated by "a pattern of indifference and disrespect for orders of the Court and the Federal Rules of Civil Procedure"). No conduct by Defendant in this case rises to the level of these examples of bad faith. Indeed, Defendant has produced a significant number of documents, *see* June 5, 2012 Mem. Op. 4, and continues to make efforts to do so, *see* Def.'s Resp. ¶ 1. The "failure" to produce documents that are not within Defendant's "possession, custody, or control" is not bad faith, nor is the "failure" to produce documents that do not now exist, and perhaps never existed.[6] If Defendant has failed to produce any documents, it is the probable result of the large number of documents requested by Plaintiff, the large number of financial accounts involved, the age of many of the records, and the effort sorting through these requests has taken and continues to take. There is no specific evidence that Defendant has acted in bad faith or intentionally avoided document production.

As to the second factor, prejudice has been found where a party's repeated refusals to comply with discovery requests prevented the opposing party from "defend[ing] against claims,

---

[6] Plaintiff has expressed concerns that Defendant disposed of records relevant to this litigation. *See* Oct. 13, 2011 Ltr. Order 1, ECF No. 39. Similar concerns simmer in the background of Plaintiff's present motion. Spoliation is the "'destruction or material alteration of evidence or . . . the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 515–16 (D. Md. 2010). To establish spoliation, Plaintiff must show that "'(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.'" *Id.* at 520–21 (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009)). There is no evidence before me that establishes these elements of a spoliation claim.

facts, and witnesses." *United States v. One Tract of Real Prop.*, No. 95-1282, 1997 WL 71719, at *3 (4th Cir. Feb. 20, 1997). According to Plaintiff, the absence of the documents sought has left him unable "to prove the full extent of the actual assets to be conveyed and/or damages to be determined." Pl.'s Mem. ¶ 104(a); *see also id.* ¶ 104(b) (stating that the absence of the documents sought impairs Plaintiff's ability to prove his undue influence cause of action); *id.* ¶ 104(c) (stating that the absence of the documents sought impairs Plaintiff's ability to show that defendant has unlawfully expended the estate's funds). While the lack of these documents may hinder proof of some of Plaintiff's claims, this is not an instance in which there has been "an absolute lack of discovery." *See Warren v. United States*, No. DKC-10-3015, 2011 WL 3608189, at *3 (D. Md. Aug. 15, 2011). Rather, Plaintiff has received a significant number of other documents from Defendant, and, to the extent that additional information is necessary to establish Plaintiff's claims, and that information is discoverable, it may be sought from other sources, such as a Fed. R. Civ. P. 45 subpoena to the custodian of the financial records he seeks.[7]

With regard to the third factor, the need for deterrence is high where, for example, the disobedient party has "not just dragged [its] feet in discovery or been slow to produce responses," but has "willfully and consistently stood in complete defiance of the Federal Rules" and has "failed to comply in any way with" court orders. *See Plant*, 2009 WL 6082878, at *6. This is not the case here. On a review of the record in this case, and considering the complete history of discovery and the amount of documents requested and already produced by Defendant, I do not find that the need for deterrence of misconduct in this particular case is high.

As to the final factor, having found no bad faith by Defendant, minimal prejudice to Plaintiff, and little need for deterrence of the kind of conduct at issue, I do not find that any sanction is necessary. Despite Plaintiff's insistence that other, non-produced documents related

---

[7] I have made this recommendation before. *See, e.g.*, June 5, 2012 Mem. Op. 12 n.8, 14–15.

to these accounts must exist, and must be in Defendant's possession, custody, or control, he presents no evidence supporting that position. Considering each of the foregoing factors, sanctions are not merited in this case. Consequently, Plaintiff's Motion is DENIED.

I note, additionally, that this case was referred to me to handle discovery disputes and related scheduling matters on August 16, 2011. *See* ECF No. 25. My June 5, 2012 Memorandum Opinion details the long history of discovery disputes that followed thereafter. *See* June 5, 2012 Mem. Op. 2 n.1, 3 n.2–3. Almost a full year has passed since this case was referred to me for discovery and it is not apparent from the record before me how far the parties have progressed in discovery, or whether they are any closer than they were pre-discovery to meaningfully litigating the merits of this action. Indeed, despite Court orders directing the parties to confer to jointly submit a discovery schedule, *see* Sept. 14, 2011 Ltr. Order ¶ 4, ECF No. 33; Oct. 13, 2011 Ltr. Order 2, ECF No. 39, they have failed to do so. Because a firm discovery schedule is essential to moving the parties toward resolution of this case, I will establish final discovery cutoffs. *See* Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 16 Advisory Committee Note (1983) ("[T]he fixing of time limits serves . . . to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities.").

It appears, from the filings to date, that all documents within the possession, custody, or control of Defendant, *see* Fed. R. Civ. P. 34(a)(1), either have been produced to Plaintiff or soon will be, *see* Def. Counsel's June 28, 2012 Ltr. to Pl. 1–2, ECF No. 63-1; *see also* Pl.'s Reply ¶ 23 (noting that Plaintiff submitted "but thirteen carefully designed document production requests" to Defendant). It also appears, from the record, that all interrogatories have been served and answered. *See* Pl.'s Reply ¶ 23. Thus, it appears as though all Fed. R. Civ. P. 33 and 34

discovery is complete. In light of the foregoing, I hereby ORDER that the parties complete any remaining discovery by October 12, 2012.[8]  A status report will be filed with the Court at that time, containing the information specified in the original Scheduling Order governing this case, ECF No. 12. Additionally, the following discovery cutoffs are hereby established:

- July 31, 2012 – Plaintiff's Rule 26(a)(2) disclosures

- August 14, 2012 – Defendant's Rule 26(a)(2) disclosures

- September 4, 2012 – Plaintiff's rebuttal Rule 26(a)(2) disclosures

- September 18, 2012 – Rule 26(e)(2) supplementation of disclosures and responses

- October 12, 2012 – Discovery deadline; submission of status report

For the reasons stated above, Plaintiff's Motion for Rule 37(b) Sanctions is DENIED. Additionally, the discovery deadlines stated above are hereby ENTERED.

Dated: <u>July 12, 2012</u>                                                  /S/
                                                                  Paul W. Grimm
                                                                  United States Magistrate Judge

hlw

---

[8] In the memorandum supporting his motion, Mr. Fisher suggests that, through discovery in this case, he is seeking material that goes beyond the scope of the present federal litigation. *See, e.g.*, Pl.'s Mem. ¶ 4 ("Both parties are acutely aware that the discovery relevant to the claims before this Court not only benefits the resolution of the civil issues in this and the other courts, but also benefits the exploration of the related criminal issues."); *id.* ¶ 10 ("As to the scale of discovery itself, that is determined by the underlying current legal landscape which, in turn, shapes the contours of the estate and which, in turn, determines the amount in controversy both in the state courts and (with the addition of other factors such as insurance pay-outs, etc.) in this Court."). Discovery in the pending federal litigation is limited to nonprivileged material that is relevant to any party's claim or defense in the *present, federal* litigation—and does not include material that is solely relevant to other litigation, civil or criminal, pending elsewhere and that has no relevance to the specific claims or defenses presented in this case. *See* Fed. R. Civ. P. 26(b)(1).