**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                        |   |                        |
|------------------------|---|------------------------|
| MICHAEL K. FISHER,     | * |                        |
| Plaintiff,             | * |                        |
| v.                     | * | Case No.: GLR-11-1038  |
| DORIS R. FISHER,       | * |                        |
| Defendant.             | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Motions to Reopen filed by Defendant Doris R. Fisher and Plaintiff Michael K. Fisher, and the Motion to Strike filed by Plaintiff. *See* [ECF Nos. 107, 112, 113]. On October 13, 2016, Judge Russell referred this case to me to review the motions, oppositions, and replies, and to make recommendations concerning how to proceed. *See* [ECF No. 120]. For the reasons discussed herein, I recommend that all of the pending motions be DENIED, but that the above-captioned case be REOPENED AND DISMISSED WITH PREJUDICE.

## I.     BACKGROUND

On April 19, 2011, Plaintiff, son of the Decedent Robert K. Fisher, filed a Complaint against the Defendant, Decedent's second wife, seeking equitable enforcement of contractual and ancillary agreements underlying two mutual and reciprocal wills executed respectively by the Decedent and the Decedent's first wife in 1993. *See* [ECF No. 1]. Plaintiff also sought, among other things, punitive damages against the Defendant for tortious interference with the above contracts and Plaintiff's expectancy. *Id.* On May 1, 2013, Judge Quarles granted the parties'

request to stay this case pending the outcome of related litigation in state court, and administratively closed this case, subject to reopening on motion of the parties. [ECF No. 105].

In February, 2010, Defendant had initiated a caveat proceeding against Plaintiff in the Circuit Court of Anne Arundel County, Maryland (*Michael K. Fisher v. Doris R. Fisher*, Case No. 02-C-10-154548 OA). Def.'s Mot. [ECF No. 107-1 at 3]. Defendant contended that Decedent's 2005 Will, which favored Defendant, superseded the 1993 Will, which favored Plaintiff. *Id.* A jury determined the 2005 Will to be invalid, and entered a verdict in Plaintiff's favor on June 30, 2014. *Id.* Defendant appealed the decision to the Court of Special Appeals of Maryland (*Doris Fisher v. Michael Fisher*, 1336 ST 2014). Pl.'s Opp. [ECF No. 110 at 6]. Pl.'s Mot. [ECF No. 113-1 at 2]. The parties participated in Court-ordered mediation on November 21, 2014, and purportedly entered into a written Settlement Agreement containing a global release from all past and future litigation ("2014 state Settlement Agreement"). Def.'s Mot. [ECF No. 107-1 at 2, 5]. Pl.'s Opp. [ECF No. 110 at 10]. On March 18, 2015, however, the Maryland Court of Special Appeals entered an order terminating mediation because "the parties have been unable to settle the issues raised by the appeal." Pl.'s Opp. [ECF No. 110 at Exhibit 1]. Ultimately, Defendant's appeal was dismissed on June 2, 2015. Pl.'s Mot. [ECF No. 113-1 at 2].

On December 30, 2015, in this Court, Defendant filed a Motion to Reopen Case and Enforce Settlement Agreement. *See* Def.'s Mot. [ECF No. 107]. Invoking the Court's "inherent authority and equitable power to enforce settlement agreements executed by parties in order to resolve litigation pending before the Court," Defendant asks the Court to reopen the instant case for purposes of (1) enforcing the 2014 state Settlement Agreement, and (2) dismissing this case

with prejudice.  Def.'s Mot. [ECF No. 107-1 at 7, 17 (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)).

After filing a response in opposition to Defendant's motion as well as a motion to strike Defendant's motion, [ECF Nos. 110 & 112], Plaintiff filed his own Motion to Reopen seeking declaratory judgment that the 2014 state Settlement Agreement is invalid and unenforceable.[1] *See* Pl.'s Mot.  [ECF No. 113].  Plaintiff also asks the Court to deny Defendant's Motion to Reopen and to keep the instant case administratively closed or, alternatively, set "all issues so triable including on these additional issues" to trial by jury.  Pl.'s Opp.  [ECF No. 110 at 24]. Plaintiff concedes, however, that the breach of contract claims raised in the instant federal case were "rendered moot by the Circuit Court's judgment of June 30, 2014 and by the Circuit Court's determination that the Decedent and [Defendant] were in a relationship confidence and trust throughout their marriage." *Id.* at 12.

## II.    STANDARD OF REVIEW

Both parties now ask this Court to opine on the validity of the 2014 state Settlement Agreement, which was not part of the original federal complaint filed in 2011.  The burden of demonstrating that an action lies within a federal court's jurisdiction "rests upon the party asserting jurisdiction."  *Barbour v. Int'l. Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B) (citations omitted).  "Generally, a district court may not enforce a Settlement Agreement unless 'the agreement [has] been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal

---

[1] Plaintiff's motion to strike Defendant's Motion to Reopen is procedurally improper.  The motion to strike addresses the merits of Defendant's motion, which Plaintiff had already addressed in his opposition to Defendant's motion.  The fact that a motion is contested does not provide a basis to strike it.  Accordingly, I recommend that Plaintiff's motion to strike [ECF No. 112] be denied.

jurisdiction." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000) (citing *Fairfax Countywide Citizens Ass'n v. Fairfax County*, 571 F.2d 1299, 1303 (4th Cir. 1978)). *See also Simmons v. United Mortgage and Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011) ("[District courts" lack the power to enforce the terms of a settlement agreement absent jurisdiction over a breach of contract action for failure to comply with the settlement agreement."). Moreover, "[e]nforcement of a settlement agreement is essentially an action for breach of contract, which is governed by state and not federal law." *Columbia Gas Transmission Corp. v. Ashleigh Heights LLC*, 261 F. Supp. 2d 332, 333 (D. Md. 2002).

## III.   ANALYSIS

As set out above, to establish jurisdiction to grant the parties' requested relief, the parties must either show that the 2014 state Settlement Agreement was incorporated into an order of this Court or that federal jurisdiction exists on some independent basis. The parties do not allege, nor do I find, that this Court entered any order with a provision expressly reserving the Court's jurisdiction to enforce a private settlement agreement in this matter, or otherwise approving and incorporating the Settlement Agreement in question. In fact, this case has been stayed and administratively closed since 2013, before the 2014 state Settlement Agreement was even written. Therefore, the parties must alternatively demonstrate that the instant dispute falls within the Court's subject matter jurisdiction. The parties have failed to do so.

In all of the pending motions, oppositions, and replies, the parties reference a single inapposite case to suggest that the Court has jurisdiction to make determinations concerning the 2014 state Settlement Agreement. Def.'s Mot. [ECF No. 107-1 at 7]. In *Millner v. Norfolk & W. Ry. Co.*, the parties reached a private settlement agreement concerning an action pending before the federal district court. *Millner*, 643 F.2d at 1006. The question on appeal was whether

4

the District Court could summarily enforce the settlement agreement. *Id.* at 1008. Contrary to Defendant's claim, *Millner* does not recognize the trial court's general "inherent equitable power summarily to enforce a settlement agreement," Def. Mot. [ECF No. 107-1 at 7], but rather limits this authority to instances "when the practical effect is merely to enter a judgment by consent … 'admirably suited to situations where, for example, a binding settlement bargain is conceded as shown, and the excuse for nonperformance is comparatively unsubstantial.'" *Millner*, 643 F.2d at 1009 (citations omitted). Here, the 2014 state Settlement Agreement is far from resolved. Also, unlike in *Millner*, the instant Settlement Agreement arose not from the federal litigation pending before this Court (GLR-11-1038), but from a separate state action before the Maryland Court of Special Appeals (*Doris Fisher v. Michael Fisher*, 1336 ST 2014). As such, enforcement or invalidation of the 2014 state Settlement Agreement is effectively a contract matter governed by state law, over which this Court patently lacks subject matter jurisdiction. *See Columbia Gas Transmission Corp.*, 261 F. Supp. 2d. at 333 (declining to consider enforcement of a settlement agreement even where it was reached in the underlying federal proceeding).

In addition to seeking enforcement of the 2014 state Settlement Agreement, Defendant seeks to have this case reopened and dismissed with prejudice. Plaintiff likewise admits that "[t]he breach-of-contract claims raised in the above-captioned action [have] been rendered moot by the Circuit Court's judgment of June 30, 2014." Pl.'s Opp. [ECF No. 110 at 12 ¶ 36]. Since both parties agree that the claims raised in this 2011 federal lawsuit are fully resolved, I recommend that this case be reopened and dismissed with prejudice.

## IV.    CONCLUSION

For the aforementioned reasons, I recommend that this Court:

1.  DENY Plaintiff's motions [ECF Nos. 112, 113];

2.  DENY Defendant's motion [ECF No. 107]; and

3.  REOPEN AND DISMISS WITH PREJUDICE the above-captioned case.

I also direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address for Plaintiff listed on the Civil Docket for this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

## V.    NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:        October 25, 2016                         _____/s/_____
                                                        Stephanie A. Gallagher
                                                        United States Magistrate Judge